**Ex parte Max Alexander SOFFAR.**

**No. 29980–02.**

Court of Criminal Appeals of Texas.

Feb. 11, 2004.

James H. Schropp, Washington, D.C., for appellant.

Lynn Hardaway, Asst. DA, Houston, Matthew Paul, State's Attorney, Austin, for state.

## *ORDER*

PER CURIAM.

This is a subsequent application for writ of habeas corpus filed pursuant to Article 11.071, § 5 of the Texas Code of Criminal Procedure. We dismiss this application without prejudice because applicant's federal writ of habeas corpus challenging his capital murder conviction and death sentence is pending in the Fifth Circuit and that court has not stayed its proceedings for applicant to return to state court to consider his current unexhausted claims.

It is not surprising that the federal courts do not consider entering a stay in their habeas proceedings involving Texas inmates because, in the past, this Court has always dismissed any writ application when the inmate has a parallel writ pending in federal court, even when the federal court has stayed its own proceeding. *See Ex parte Powers,* 487 S.W.2d 101 (Tex. Crim.App.1972). We now modify the *Powers* doctrine to permit consideration of a subsequent state writ, not otherwise barred by Article 11.071 § 5, if the federal court with jurisdiction over a parallel writ enters an order staying its proceedings to allow the habeas applicant to pursue his unexhausted claims in Texas state court.

### I.

Applicant was convicted of capital murder and sentenced to death in 1981. We affirmed that conviction on direct appeal, *Soffar v. State,* 742 S.W.2d 371 (Tex.Crim. App.1987), and we denied applicant's first writ of habeas corpus. *Ex parte Soffar,* No. 29,980–01 (Tex.Crim.App., April 8, 1996). The federal district court denied relief on applicant's federal writ which was

based upon claims previously exhausted in his state writ, but a panel of the Fifth Circuit Court of Appeals granted applicant a certificate of appealability on three of his habeas claims and granted relief on a separate Fifth Amendment claim. *Soffar v. Johnson,* 237 F.3d 411 (5th Cir.2000). This decision was vacated by an en banc Fifth Circuit, which affirmed the district court's denial of applicant's Fifth Amendment claims and remanded the case to the Fifth Circuit panel to consider the merits of the remaining issues for which it had granted the certificate of appealability. *Soffar v. Cockrell,* 300 F.3d 588 (5th Cir. 2002). That case is still pending in the Fifth Circuit.

On June 13, 2003, applicant filed his current application for writ of habeas corpus in the 232nd District Court of Harris County. This is a subsequent writ and it contains two new allegations, including an *Atkins*[1] mental retardation claim. The State filed a motion to dismiss this application as an abuse of the writ, arguing that applicant had failed to meet the requirements of Section 5 of Article 11.071. We can address that question, however, only if we exercise jurisdiction over the subsequent writ.

Thus, on November 12, 2003, this Court asked the parties to brief the question:

Whether the *Powers* abstention doctrine should be modified to permit the consideration of the merits of a subsequent writ, which is not otherwise barred by Article 11.071, § 5, if the federal court with jurisdiction over a parallel writ enters an order staying its proceedings to allow the applicant to return to the appropriate Texas courts to exhaust his state remedies.[2]

We have received and considered those briefs, as well as that of an amicus curiae.

## II.

Since 1972, this Court has dismissed state habeas corpus writ applications when the applicant also has a writ pending in the federal courts that relates to the same conviction or same "matter." See *Ex parte Powers,* 487 S.W.2d 101 (Tex.Crim. App.1972); see also *Ex parte McNeil,* 588 S.W.2d 592 (Tex.Crim.App.1979); *Ex parte Green,* 548 S.W.2d 914 (Tex.Crim.App. 1977). This abstention doctrine—or "two forums" rule—was based upon important considerations of comity, avoidance of piecemeal litigation or inconsistent results, and judicial economy. See, e.g., *Galtieri v. Wainwright,* 582 F.2d 348, 355–62 (5th Cir. 1978) (en banc). Thus, in *Ex parte Powers* and its progeny, this Court dismissed, without prejudice, writ applications when the applicant also had a related writ pending in federal court.[3] The Powers abstention doctrine was a judicially created policy based on comity which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the

---

**1.** *Atkins v. Virginia,* 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002).

**2.** *Ex parte Soffar,* 120 S.W.3d 344 (Tex.Crim. App.2003).

**3.** In *Powers,* for example, the federal court held its parallel writ "in abeyance" awaiting this Court's action, but we refused to act although the federal writ was stayed in both the federal district court and in the Fifth

Circuit. 487 S.W.2d at 102. This Court dismissed the state writ because the federal courts had not yet dismissed their corresponding writs. *Id.* Once they did so and no longer had any jurisdiction, this Court considered Powers' refiled writ application and rejected his claims on the merits. *Id.* Powers was then free to refile a subsequent federal writ application and begin his federal writ litigation anew, with all of his state claims properly exhausted.

matter." *Darr v. Burford*, 339 U.S. 200, 204, 70 S.Ct. 587, 94 L.Ed. 761 (1950).

At the time *Powers* and *Galtieri* were decided, repetitious, piecemeal post-conviction writ applications raised serious concerns in both state and federal courts. See, e.g., *Rose v. Lundy*, 455 U.S. 509, 518–22, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). However, both federal and Texas statutes have narrowed significantly a state prisoner's ability to have the merits of a subsequent writ of habeas corpus considered by the courts. See Tex.Code Crim. Proc. art. 11.071, § 5; art. 11.07, § 4; 28 U.S.C. § 2244(b)(2). Except under extraordinary circumstances, a state prisoner must bring all constitutional claims in a single state application and only those claims which have been exhausted in state court may be granted by the federal courts. 28 U.S.C. § 2254(b)(1). Statutes—not the broad Powers abstention doctrine—now prevent duplicative, piecemeal litigation and protect judicial economy.

Furthermore, the Fifth Circuit, while acknowledging the federal-state comity concerns that underlie Powers, has questioned the breadth of that doctrine when this Court has declined to consider habeas claims even when the parallel federal proceedings are held in full abeyance:

> [H]olding in abeyance a federal complaint by a Texas litigant to avoid limitations problems while state remedies are exhausted harbors potential difficulties. Texas has developed a "rule of habeas abstention," that is, whenever a petitioner seeks a writ of habeas corpus in state court, if the state court determines that a federal habeas proceeding concerning the "same matter" or seeking the same relief is presently pending, the state court may not consider the merits of the

petition but must dismiss it. As a result of this rule, which appears to continue to be valid law in Texas, a federal district court might hold a case in abeyance to avoid the passage of the limitations period, and instruct the litigant to return to Texas state court to exhaust state remedies, only to have the litigant find that he cannot proceed in state court because of the federal case held in abeyance.

*Jackson v. Johnson*, 950 F.2d 263, 266 (5th Cir.1992) (citations omitted).

The underlying purpose of The Great Writ is to provide a swift and effective remedy for unconstitutional confinement. The procedures under which writs are considered by either state or federal courts are intended to provide expeditious consideration and resolution of these claims. If the claims are meritorious, relief should be speedy; if they are not meritorious, society's interest in finality dictate that they be denied with reasonable dispatch.

Because of the strict one-year statute of limitations in the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"),[4] the application of the Powers doctrine, combined with the federal exhaustion requirement, may lead to unintended and unfortunate consequences. The problematic situation is when the Supreme Court announces a "watershed" procedural or substantive change in the law which applies retroactively to all cases, even those on collateral review. *Atkins v. Virginia* seems to be one such case. As we noted in our previous Order, several federal circuit courts have suggested or entered a stay in their pending habeas proceedings to permit an inmate who has alleged a facially-cognizable "watershed" constitutional claim to return to state court to exhaust this previously

---

4. 28 U.S.C. § 2244(d)(1).

unexhausted claim. *Ex parte Soffar,* 120 S.W.3d 344, 347 n. 7 (Tex.Crim.App.2003).

The *Powers* doctrine worked well in an era in which there were no federal or state time limits within which to bring habeas corpus writs and no limit upon the number of writs an applicant could file. We believe, however, that judicially created doctrines may, and sometimes should, be modified when they no longer serve the jurisprudential interests for which they were originally crafted. We therefore modify our Powers abstention doctrine to permit consideration of the merits of a subsequent writ, not otherwise barred by article 11.071, § 5, if the federal court having jurisdiction over a parallel writ enters an order staying all of its proceedings for the applicant to return to the appropriate Texas court to exhaust his state remedies.

### III.

Applicant filed this subsequent state writ before the AEDPA one-year statute of limitations expired on his *Atkins* claim, but he also filed a motion to file a successive writ containing the same claim in his federal habeas proceedings. Unbeknownst to this Court, a panel of the Fifth Circuit conditionally granted applicant's motion for authorization to file a successive federal petition for writ of habeas corpus on November 10, 2003,[5] two days before this Court requested the parties to brief the *Powers* doctrine issue.

Applicant, therefore, does not seek a stay in his federal proceedings to have his *Atkins* claim resolved in Texas state courts before returning to federal court should that claim be denied. He notes that the Fifth Circuit has already expended enormous judicial resources on his pending, exhausted habeas claims and is "on the cusp" of a decision. Should those claims be resolved in his favor, he argues, he would not need to present his *Atkins* claim to state court for he would be entitled to a new trial. Thus, the claims set out in this subsequent writ would become moot. In this particular case, the Fifth Circuit's authorization of applicant's successive federal writ case would appear to resolve his potential AEDPA limitations problem. As we understand it, applicant needs neither a stay of the federal proceedings nor a pending *Atkins* writ in state court to toll the AEDPA statute of limitations.

Therefore, because no federal court has entered an order staying all proceedings in applicant's pending parallel federal writ, we dismiss this subsequent application without prejudice. We also deny applicant's motion for leave to file his reply memorandum, dated February 6, 2004.

---

5. The Fifth Circuit stated: "we authorize Applicant to file the proposed successive habeas corpus petition with the district court named therein. However, this authorization is made conditional on the outcome of Applicant's petition for habeas relief currently pending before the Texas Court of Criminal Appeals.... As such, if the Texas Court of Criminal Appeals subsequently grants Applicant's successive state habeas petition, our order authorizing Applicant to file a successive writ of habeas corpus in the district court becomes moot." *In re: Max Alexander Soffar,* No. 03–21005, slip op. at 2–3 (5th Cir., Nov. 10, 2003) (not designated for publication). We read this language as equitably tolling the AEDPA statute of limitations until this Court has an opportunity to rule upon the merits of applicant's *Atkins* claim.