6-96-028-CV Long Trusts v. Dowd 



















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00208-CR
______________________________



EX PARTE:
JULIO MARTINEZ





Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Original Habeas Corpus Proceeding





Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross



O P I N I O N

Â Â Â Â Â Â Â Â Â Â On September 19, 2005, Julio Martinez filed with this Court an original application
for writ of habeas corpus following his conviction for felony driving while intoxicated. See
Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon 2005) (noncapital, post-conviction, felony
writ application); and Tex. Pen. Code Ann. Â§ 49.09 (Vernon Supp. 2004â2005). Martinez
claims (1) he received ineffective assistance of counsel at trial, (2) he received ineffective
assistance of counsel on appeal, and (3) the evidence is insufficient to support his
conviction. We conclude we are not legally authorized to consider Martinez' application
for writ of habeas corpus, and we dismiss this original proceeding for want of jurisdiction.
I. Procedural History of the Underlying Felony DWI Conviction
Â Â Â Â Â Â Â Â Â Â On July 8, 2003, Martinez pled guilty in the 102nd Judicial District Court of Bowie
County, Texas, to the offense of driving while intoxicatedâsubsequent offense. See Tex.
Pen. Code Ann. Â§ 49.04 (Vernon 2003), Â§ 49.09. The terms of Martinez' plea agreement
called for his sentence to be set at ten years' imprisonment, a plea agreement which the
trial court accepted and followed. Martinez then timely appealed his conviction to this
Court.


 Ultimately, this Court dismissed the appeal pursuant to Texas Rules of Appellate
Procedure 25.2(a)(2), 25.2(d), and 37.1 because the trial court did not certify Martinez had
the right to appeal. Martinez v. State, No. 06-03-00184-CR, slip op. at 2 (Tex.
App.âTexarkana Nov. 4, 2003, pet. denied) (mem. op.) (not designated for publication). 
Our prior opinion did not address whether Martinez' plea agreement would bar
consideration of any potential appellate issues. Id.; and see Tex. Code Crim. Proc. Ann.
art. 26.13(a)(3) (Vernon Supp. 2004â2005). 
II. The Procedural History of Martinez' State and Federal Habeas Applications
Â Â Â Â Â Â Â Â Â Â The habeas record submitted by Martinez indicates he has filed an application for
writ of habeas with the federal district court. See Martinez v. TDCJ, No. 5:04-CV-00240-DF-CMC (E.D. Tex.). The federal application apparently raises the same issues Martinez
now presents in his state habeas application to this Court. The federal district court did not
adjudicate the merits of Martinez' application, but instead issued a ninety-day stay during
which Martinez must submit these to a state court for review.


 Cf. Zarvela v. Artuz, 254
F.3d 374, 377 (2d Cir. 2001) (federal district judge has discretion to stay habeas
application while applicant litigates unexhausted claim in state court); Delaney v. Matesanz,
264 F.3d 7, 15 n.5 (1st Cir. 2001) (recommending federal district courts follow stay
procedure when confronted with claim that has not been previously reviewed by state
court); Hill v. Anderson, 300 F.3d 679, 683 (6th Cir. 2002) (adopting Zarvela approach to
treatment of unexhausted Atkins claim). The Texas Court of Criminal Appeals has recently
approved this two-forum procedure, modifying its previous prohibition against Texas district
courts considering habeas applications when the applicant has an application
simultaneously pending in federal court. Ex parte Soffar, 143 S.W.3d 804, 806â07 (Tex.
Crim. App. 2004) (modifying prohibition against parallel writs embodied by Ex parte
Powers, 487 S.W.2d 101 (Tex. Crim. App. 1972)).
III. This Court Lacks Jurisdiction To Review a Post-Conviction Writ Application
Â Â Â Â Â Â Â Â Â Â Our original and appellate jurisdiction is limited by the Texas Constitution and by
statutes promulgated by the Texas Legislature and approved by the Governor. The Texas
Constitution grants this Court original jurisdiction only in cases where specifically
prescribed by law. Tex. Const. art. V, Â§ 6. As it relates to the case now before us, we are
not among the list of courts authorized to grant relief pursuant to post-conviction writs of
habeas corpus. Tex. Code Crim. Proc. Ann. art. 11.05 (Vernon 2005). We also are not
authorized under Tex. Gov't Code Ann. Â§ 22.221 (Vernon Supp. 2004) to consider an
original, post-conviction application for writ of habeas corpus. Our law requires post-conviction applications for writs of habeas corpus, for felony cases in which the death
penalty was not assessed, to be filed in the court of original conviction, made returnable
to the Texas Court of Criminal Appeals. Tex. Code Crim. Proc. Ann. art. 11.07(3)(a), (b)
(Vernon 2005).


 
Â Â Â Â Â Â Â Â Â Â As we are without jurisdiction to consider Martinez' originally-filed post-conviction
application for writ of habeas corpus, we must dismiss his application. See Watson v.
State, 96 S.W.3d 497, 500 (Tex. App.âAmarillo 2002, pet. ref'd) (dismissing two points
of error within appeal of denial of motion for post-conviction DNA testing because those
points of appeal amounted to request for original habeas relief, which intermediate
appellate court was without jurisdiction to grant). If Martinez wishes to have his application
reviewed by a state court of competent jurisdiction, his post-conviction application should
be submitted to the court of original conviction, and he should make his application
returnable to the Texas Court of Criminal Appeals in compliance with Tex. Code Crim.
Proc. Ann. art. 11.07 (Vernon 2005).
Â 

Â Â Â Â Â Â Â Â Â Â For the reason stated, we dismiss this proceeding for want of jurisdiction.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Donald R. Ross
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice


Date Submitted:Â Â Â Â Â Â September 26, 2005
Date Decided:Â Â Â Â Â Â Â Â Â September 27, 2005

Publish



tion Locked="false" Priority="37" Name="Bibliography"/>
 
 












 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-10-00211-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  KRYSTIN STEWART,
Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, Appellee

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ________________________________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the County Court at Law #2

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Hunt County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial Court
No. CR1000601

Â 

_Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ________________________________________________

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Justice Carter








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUM OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  A jury
convicted Krystin Stewart of theft of property valued between $50.00 and
$500.00, and she was sentenced to confinement for 120 days in the Hunt County
Jail.Â  On appeal, Stewart complains that
the evidence was insufficient to support the trial courtÂs judgment.[1]Â  We affirm the judgment of the trial court. 

I. Â Â Â Â Â Â Â  Standard of Review

Â 

Â Â Â Â Â Â Â Â Â Â Â  In reviewing
the legal sufficiency of the evidence, we review all the evidence in the light
most favorable to the juryÂs verdict to determine whether any rational jury
could have found the essential elements of theft in an amount between $50.00
and $500.00 beyond a reasonable doubt. Â Brooks v. State, 323 S.W.3d 893, 902
n.19 (Tex. Crim. App. 2010) (4Â1Â4 decision) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)); Hartsfield v. State, 305 S.W.3d 859, 863
(Tex. App.ÂTexarkana 2010, pet. refÂd) (citing Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)). Â Our rigorous legal sufficiency review focuses
on the quality of the evidence presented. Â Brooks,
323 S.W.3d at 917Â18 (Cochran, J., concurring). Â We examine legal sufficiency under the
direction of the Brooks opinion,
while giving deference to the responsibility of the jury Âto fairly resolve
conflicts in testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts.Â Â Hooper
v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing Jackson, 443 U.S. at 318Â19).

Â Â Â Â Â Â Â Â Â Â Â  Legal
sufficiency of the evidence is measured by the elements of the offense as
defined by a hypothetically correct jury charge. Â Malik v.
State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).Â  The hypothetically correct jury charge Âsets
out the law, is authorized by the indictment, does not unnecessarily increase the
StateÂs burden of proof or unnecessarily restrict the StateÂs theories of
liability, and adequately describes the particular offense for which the
defendant was tried.Â Â Id. Â 

Â Â Â Â Â Â Â Â Â Â Â  In this
case, Stewart committed theft if she unlawfully appropriated property with the
intent to deprive the owner of property.Â 
Tex. Penal Code Ann. Â§
30.03(a) (West 2011).Â  Appropriate means
Âto acquire or otherwise exercise control over property other than real
property.ÂÂ  Tex. Penal Code Ann. Â§ 31.01(4)(B) (West 2011).Â  The appropriation was unlawful if it was
without the effective consent of the owner.Â 
Tex. Penal Code Ann. Â§
30.03(b) (West 2011).Â  The theft offense
was a class B misdemeanor if the value of the property exceeded $50.00, but was
less than $500.00.Â  Tex. Penal Code Ann. Â§ 31.03(e)(2)(a)(i)
(West 2011). 

II. Â Â Â Â Â  Legally Sufficient Evidence Supported the
Trial CourtÂs Judgment

Â 

Â Â Â Â Â Â Â Â Â Â Â  The State alleged that the theft
occurred at BurkÂs Outlet.Â  On the day of
trial, two witnesses from BurkÂs Outlet testified.Â  District loss prevention manager, Daniel
Roacho, encountered Stewart and co-actor, Cristal Mariucci, on the day of the
theft.Â  Roacho testified;

The
first thing [Stewart] did is she came around to . . . the purse area.Â  And IÂveÂI saw her select a black purse.Â  She looked at it for a while and then she
startedÂshe put that over her shoulder.Â 
She also had a pink purse with her as well.Â  So she carried both purses as she went
throughout the store and started selecting other merchandise. . . . And she was
selecting some jewelry and then she would go into the womanÂs department where
she selected some other clothing items as well.

Â 

Roacho initially believed that Stewart was shopping alone,
but soon it became apparent that she was with Âthis other lady that was acting
really nervous.ÂÂ  Roacho kept his eye on
Stewart and Mariucci as they perused the store separately.Â  He testified, Â[Stewart] handed the pink
purse over to [Mariucci] and they both walked and selected more merchandise,
more clothing items.ÂÂ  Roacho continued:

At
that point, [Stewart] went into the fitting room with the merchandise that she
had selected as well as the black bag that she had with her. Â [Mariucci] wentÂfollowed her in there.Â  As she went inÂthey both went in the fitting
room.Â  And then the Defendant came out of
that stall that they were in, and came out and went into another one with
clothing items as well as the black purse.Â 
At that point, she closed the door to the fitting room and the other
subject came out and just, kind of, waited around outside for her. . . . At
that point [Mariucci] walks into the fitting room with [Stewart] because she
hadnÂt completely came out yet. Â They
were talking.Â  [Mariucci] . . . had a few
clothes in her hand, handed the clothes back to the Defendant as well as the
pink purse that she was carrying for her.Â 
The Defendant turned around and gave [Mariucci] the black purse, which
was now packed, and they both started walking up towards the front.Â  

Â 

RoachoÂs Âobservation was that the clothes were stuffed into
the bagÂ by Stewart.Â  Next, Â[t]hey both
approached the front of the register.Â 
The one person with the black bag just startÂdoes not even bother to go
to the register, starts walking out the door while [Stewart] goes up to the
register and attempts to pay for the merchandise that was never
concealed.ÂÂ  Roacho followed and
confronted Mariucci as she exited the store and was about to enter a
vehicle.Â  He led Mariucci back to the
loss prevention office, where both she and Stewart apologized to Roacho for
stealing, turned over the stolen merchandise, and pleaded for forgiveness.Â  Roacho recovered the stolen items.

Â Â Â Â Â Â Â Â Â Â Â  BurkÂs
Outlet store manager, LaSonja Balfour, was called to the loss prevention office
after Stewart and Mariucci were apprehended.Â 
Balfour confirmed StewartÂs admission to the theft and conducted an
inventory of items stolen.Â  The items
taken included the black purse, two items of jewelry, two Âtops,Â jeans, a
fragrance, a Âbath/bodyÂ item, and a Âmis[s] bottom.ÂÂ  The monetary value of the items totaled
$88.24.Â  

Â Â Â Â Â Â Â Â Â Â Â  In addition
to this testimony, the jury watched the in-store security video confirming
RoachoÂs recollection of the events.Â  The
video was clear, followed Stewart as she wandered throughout BurkÂs Outlet, and
zoomed in on items she picked up and carried.Â 


Â Â Â Â Â Â Â Â Â Â Â  Â When viewed in a light most favorable to the
verdict, we find the evidence legally sufficient for a rational jury to
conclude that Stewart committed theft of property in an amount greater than $50.00,
but less than $500.00.Â  Therefore, we
overrule StewartÂs point of error.Â  

III. Â Â Â Â  Conclusion 

Â 

Â Â Â Â Â Â Â Â Â Â Â  We affirm the trial courtÂs
judgment. 

Â 

Â 

Â 

Â  

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Jack
Carter

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  July
21, 2011

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  July
28, 2011

Â 

Do Not Publish

Â 

Â 

Â 

Â 

Â 











[1]In
a separate point of error, Stewart also complained that a DVD recording of the
theft, which was admitted as evidence and played in front of the jury, had been
Âdestroyed or corrupted so badly that it cannot be viewed and is unavailable
for appellate review.ÂÂ  Based upon
StewartÂs assertion, and due to our inability to initially play the exhibit, we
internally abated this appeal Âuntil either (1) we have heard from counsel that
the data on the DVD has been recovered and the parties agree to the content thereon;
(2) the data on the DVD has been recovered, but the parties do not agree to the
content thereon; or (3) the data on the DVD cannot be recovered.ÂÂ  Thereafter, we received a letter signed by
both parties stating that the DVD Âduplicate was located in the defendantÂs
co-actorÂs case file.Â  The state and the
defense have had a chance to review this copy and can verify that this copy is
a true and accurate representation of the video that was on the damaged DVD.ÂÂ  Because StewartÂs complaint has been resolved,
we overrule this point of error as moot.