IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-39,707-02






IN RE BILLY WAYNE COBLE






ON MOTION FOR LEAVE TO FILE


PETITION FOR WRIT OF MANDAMUS


IN CAUSE NO. 1989-1036 FROM THE


54
TH DISTRICT COURT OF MCLENNAN COUNTY





 Price, J., filed a dissenting opinion.


DISSENTING OPINION 



 The Court is apparently of the view that, if there is a federal stay of execution
in place, the federal courts are competent to act in protection of their own jurisdiction. 
I agree, but do not think that it is necessarily a reason that this Court should not act
instead.

 The federal district court granted a stay of execution on May 10, 1999, "to
allow for the orderly litigation of these habeas proceedings until further orders of this
Court." There is no indication that it has ever been lifted. The Fifth Circuit still has
the case under advisement, and until its mandate issues, or the stay is lifted, the
district court's stay order remains legally viable. Under federal statutory law, a stay
has the effect of rendering "void" any further "proceeding against the person detained
. . . for any matter involved in the habeas corpus proceeding." (1) That federal provision
is binding on Texas state courts under the Supremacy Clause. (2) Judge Allen set a new
execution date on authority of Article 43.141 of the Texas Code of Criminal
Procedure. (3) In the absence of a stay, Article 43.141 would clearly authorize him to
do so. But it seems clear enough to me that, since a stay is in place, 28 U.S.C. §
2251, in combination with the Supremacy Clause, prohibits any invocation of Article
43.141 at this juncture to justify a new execution date. Judge Allen's order is
therefore "void," and he would have a ministerial duty to withdraw it. A writ of
mandamus may be granted in order to set aside an unauthorized order entered by a
trial court. (4) Thus, the relator satisfies the first condition for mandamus relief from
this Court.


 To my mind, then, the question is whether he satisfies the second condition,
that he has no adequate remedy at law. The relator has already filed a motion with
Judge Allen requesting him to vacate his order. That motion was denied because it
did not invoke any of the express circumstances under Article 43.141 (d), whereby
a convicting court may withdraw its order setting an execution date. I am unaware
of any statute or rule in Texas that would allow the relator to appeal Judge Allen's
order setting the execution date, or his order denying the relator's motion to vacate
it. Thus, there would appear to be no remedy at law (or at least none under Texas
state law) to "supersede" the equitable relief he now seeks. (5) I believe that the relator
has met the second condition for mandamus relief.

 Nevertheless, should we, in the interest of federal/state comity, deny leave to
file the mandamus writ in this Court in the expectation that the relator will seek (or
perhaps already has sought) a remedy in federal court, such as a simple motion to
enforce the stay that is already in place in the federal district court? Should we, in
short, abstain, as the Court would have us do today, in the interest of comity?

 In another context, the Court has declined to entertain post-conviction writs of
habeas corpus when the applicant has a writ already pending in federal court. In Ex
parte Soffar, (6) in describing this doctrine of abstention, we observed that it was a
"judicially created policy based on comity which 'teaches that one court should defer
action on causes properly within its jurisdiction until the courts of another
sovereignty with concurrent powers, and already cognizant of the litigation, have had
an opportunity to pass upon the matter.' Darr v. Burford, 339 U.S. 200, 204, 70 S.Ct.
587, 94 L.Ed. 761 (1950)." But Darr constitutes an apology for federal deference to
state court judgments, justifying federal courts in "refus[ing] relief as a matter of
comity until state remedies are exhausted." (7) Darr does not explicitly justify this
Court in deferring to the federal courts on matters that are of paramount state
importance (such as the question whether a state district court judge has the authority
to set an execution date for a state prisoner). Moreover, at this juncture, we do not
even know whether the federal courts are "already cognizant of the litigation"
whereby the relator would challenge Judge Allen's order setting his execution date.

 I think that we can, and should, exercise our mandamus jurisdiction to remedy
this situation. We should not abstain by denying leave to file in the expectation that
the federal courts will act to protect their own jurisdiction. The federal statute that
renders Judge Allen's order void is binding upon the courts of Texas by the
Supremacy Clause. Comity would counsel that the state courts should take the first
action to address it, and the federal courts should only have to get involved after we
have first had the opportunity to do so. Because the Court nevertheless defers to the
federal courts on this matter, I respectfully dissent.


Filed: May 10, 2006

Do Not Publish
1. 28 U.S.C. § 2251.
2. U.S. Const. art. VI., cl. 2
3. Tex. Code Crim. art. 43.141.
4. E.g., Homan v. Hughes, 708 S.W.2d 449, at 452 (Tex. Crim. App. 1986). 
5. See Garcia v. Dial, 596 S.W.2d 524, 529 (Tex. Crim. App. 1980).
6. 143 S.W.3d 804, at 805 (Tex. Crim. App. 2004).
7. 339 U.S. at 204.