IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-20,203-07






EX PARTE HENRY W. SKINNER









ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS
AND MOTION FOR STAY OF EXECUTION FROM CAUSE NO. 5216 IN THE
31ST JUDICIAL DISTRICT COURT

GRAY COUNTY



 Per Curiam. 


O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5, and a motion for a stay
of execution.

 In January 1995, a jury found applicant guilty of the offense of capital murder. The
jury answered the special issues submitted pursuant to Texas Code of Criminal Procedure
Article 37.071, and the trial court, accordingly, set applicant's punishment at death. This
Court affirmed applicant's conviction and sentence on direct appeal. Skinner v. State, 956
S.W.2d 532 (Tex. Crim. App. 1997). Applicant subsequently filed an application for habeas
corpus. However, the application was dismissed as untimely filed. See Ex parte Skinner, No.
WR-20,203-03 (Tex. Crim. App. Dec. 2, 1998)(not designated for publication).

 When Article 11.071 was later amended, applicant filed a motion to establish a new
filing date to file an initial application, and this Court granted the motion. See Ex parte
Skinner, No. WR-20,203-03 (Tex. Crim. App. Aug. 31, 2000)(not designated for
publication). Applicant then filed his writ application in the convicting court within the
period designated by the order. However, at the time the application was filed, applicant's
federal habeas was still pending. (1) Thus, applicant's initial state application was dismissed
pursuant to the abstention doctrine. See Ex parte Skinner, No. WR-20,203-04 (Tex. Crim.
App. Oct. 10, 2001)(not designated for publication). Applicant's subsequent application was
filed in the trial court on March 1, 2010. 

 Applicant presents three allegations in his application. We have reviewed the
application, and we find that the allegations fail to satisfy the requirements of Article 11.071,
§ 5. Accordingly, the application is dismissed, and his motion for stay of execution is denied. 
Applicant's motion for additional time to conduct an investigation is also denied.

 IT IS SO ORDERED THIS THE 17TH DAY OF MARCH, 2010.

Do not publish
1. The federal action had been stayed; however, the abstention doctrine the Court then followed
had not yet been amended to allow the case to proceed in state court when the federal proceedings were
stayed. See Ex parte Powers, 487 S.W.2d 101 (Tex. Crim. App. 1972) and Ex parte Soffar, 143 S.W.3d
804 (Tex. Crim. App. 2004).