IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






WR-63,282-03






EX PARTE RAMIRO HERNANDEZ a/k/a RAMIRO HERNANDEZ LLANAS







ON APPLICATION FOR WRIT OF HABEAS CORPUS 


CAUSE NO. A97-364 IN THE 216th JUDICIAL DISTRICT COURT


KERR COUNTY






 Per Curiam. HERVEY, J., not participating. 


O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5.

 Applicant was convicted of the offense of capital murder in February 2000. The jury
answered the special issues submitted under Article 37.071 of the Texas Code of Criminal
Procedure, and the trial court, accordingly, set punishment at death. This Court affirmed
Applicant's conviction and sentence on direct appeal. Hernandez v. State, No. AP-73,776
(Tex. Crim. App. December 18, 2002). This Court denied Applicant's initial post-conviction
application for writ of habeas corpus. Ex parte Hernandez, WR-63,282-01 (Tex. Crim. App.
September 10, 2008). This Court dismissed Applicant's second post-conviction application
for writ of habeas corpus pursuant to the abstention doctrine. Ex parte Hernandez, WR-63,282-02 (Tex. Crim. App. November 25, 2009). Applicant's instant post-conviction
application for writ of habeas corpus was received in this Court on February 8, 2010.

 The record reflects that Applicant is currently challenging his conviction in Cause No.
SA-08-CA-805-XR, styled Ramiro Hernandez a/k/a Ramiro Hernandez-Llanas v. Rick
Thaler, in the United States District Court for the Western District of Texas, San Antonio
Division. The record also reflects that on January 15, 2010, the federal district court signed
an order staying its proceedings for Applicant to return to state court to consider his current
unexhausted claims. Therefore, this Court may exercise jurisdiction to consider this
subsequent state application. See Ex parte Soffar,143 S.W.3d 804 (Tex. Crim. App. 2004). 
 Applicant presents four allegations in the instant application. We have reviewed the
application, and we find that the allegations fail to satisfy the requirements of Article 11.071,
§ 5(a). Accordingly, the application is dismissed as an abuse of the writ. Tex. Code Crim.
Proc. Art. 11.071, § 5(c).

 IT IS SO ORDERED THIS THE 31ST DAY OF MARCH, 2010.

Do Not Publish