IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-70,832-02






EX PARTE JEDIDIAH ISAAC MURPHY








ON APPLICATION FOR WRIT OF HABEAS CORPUS 


CAUSE NO. W00-02424-M(B) IN THE 194TH JUDICIAL DISTRICT COURT

DALLAS COUNTY






 Per curiam. 

 


O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5.

 In June 2001, Applicant was convicted of the offense of capital murder. The jury
answered the special issues submitted pursuant to Article 37.071, Tex. Code Crim. Proc.,
and the trial court, accordingly, set punishment at death. This Court affirmed Applicant's
conviction and sentence on direct appeal. Murphy v. State, 112 S.W.3d 592 (Tex. Crim. App.
2003). This Court denied relief on Applicant's initial post-conviction application for writ
of habeas corpus. Ex parte Murphy, No. WR-70,832-01 (Tex. Crim. App. March 25,
2009)(not designated for publication). Applicant's instant post-conviction application for
writ of habeas corpus was received in this Court on July 26, 2010.

 The record reflects that Applicant is currently challenging his conviction in Cause No.
3:10-CV-163-N, styled Jedidiah Isaac Murphy v. Rick Thaler, in the United States District
Court for the Northern District of Texas, Dallas Division. The record also reflects that the
federal district court has entered an order staying its proceedings for Applicant to return to
state court to consider his current unexhausted claims. Therefore, this Court may exercise
jurisdiction to consider this subsequent state application. See Ex parte Soffar,143 S.W.3d
804 (Tex. Crim. App. 2004). 

 Applicant presents three allegations. The second and third allegations do not satisfy
an exception to Texas Code of Criminal Procedure Article 11.071, § 5, and are dismissed as
an abuse of the writ. Before determining whether the first allegation satisfies the
requirements of Texas Code of Criminal Procedure Article 11.071, § 5, we order the trial
court to make findings of fact and conclusions of law regarding whether or not the factual
basis of the claim was ascertainable through the exercise of reasonable diligence on or before
the date the initial application was filed. See Art. 11.071, § 5(e). If the trial court determines
that the factual basis of the claim was not ascertainable through the exercise of reasonable
diligence on or before the date the initial application was filed, then it will proceed to
determine the merits of the claim.

 The trial court shall resolve the issues presented within 90 days of the date of this
order. A supplemental transcript containing all affidavits and the trial court's findings of fact
and conclusions of law shall be returned to this Court within 120 days of the date of this
order. (1)

 IT IS SO ORDERED THIS THE 6TH DAY OF OCTOBER, 2010.

Do Not Publish 
1. Any extensions of time should be obtained from this Court.