IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,302-02






EX PARTE OBIE D. WEATHERS, III








ON APPLICATION FOR WRIT OF HABEAS CORPUS 


CAUSE NO. 2000-CR-2916 IN THE 399TH JUDICIAL DISTRICT COURT

BEXAR COUNTY






 Per curiam. Hervey, J., not participating.

 


O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Article 11.071, § 5, Tex. Code Crim. Proc.

 In May 2001, Applicant was convicted of the offense of capital murder. The jury
answered the special issues submitted pursuant to Article 37.071, Tex. Code Crim. Proc.,
and the trial court, accordingly, set punishment at death. This Court affirmed Applicant's
conviction and sentence on direct appeal. Weathers v. State, No. AP-74,144 (Tex. Crim.
App. October 22, 2003)(not designated for publication). This Court denied relief on
Applicant's initial post-conviction application for writ of habeas corpus. Ex parte Weathers,
No. WR-64,302-01 (Tex. Crim. App. September 13, 2006)(not designated for publication). 
Applicant's instant post-conviction application for writ of habeas corpus was received in this
Court on October 7, 2011.

 The record reflects that Applicant is currently challenging his conviction in Cause No.
SA-06-CA-868-XR, styled Obie D. Weathers, III v. Nathaniel Quarterman, in the United
States District Court for the Western District of Texas, San Antonio Division. The record
also reflects that the federal district court has entered an order staying its proceedings for
Applicant to return to state court to consider his current unexhausted claim. Therefore, this
Court may exercise jurisdiction to consider this subsequent state application. See Ex parte
Soffar,143 S.W.3d 804 (Tex. Crim. App. 2004). 

 Applicant alleges that his execution would violate the Eighth Amendment's
prohibition against the execution of the mentally retarded. See Atkins v. Virginia, 536 U.S.
304 (2002). We have reviewed the application and find that this allegation satisfies the
requirements of Article 11.071, § 5(a)(3), Tex. Code Crim. Proc. Accordingly, we find that
the requirements for consideration of a subsequent application have been met and the cause
is remanded to the trial court for consideration of the allegations. 

 This application for habeas corpus relief will be held in abeyance pending the trial
court's compliance with this order. The trial court shall resolve the issues presented within
90 days of the date of this order. (1) A supplemental transcript containing any additional
findings of fact and conclusions of law shall be returned to this Court within 120 days of the
date of this order. (2)

 IT IS SO ORDERED THIS THE 18TH DAY OF APRIL, 2012.

Do Not Publish 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.