IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-29,980-03 and WR-29,980-04






EX PARTE MAX ALEXANDER SOFFAR









ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


IN CAUSE NO. 319724 IN THE 232ND DISTRICT COURT

HARRIS COUNTY





 Per Curiam. Cochran, J., filed a concurring statement as to WR-29,980-03,
in which Johnson and Alcala, JJ., joined.



O R D E R



 This is a post-conviction application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071.

 In 1981, a jury convicted applicant of the offense of capital murder and returned
affirmative answers to the punishment issues submitted under Article 37.071. (1) The trial
court, accordingly, set punishment at death. This Court affirmed applicant's conviction and
sentence on direct appeal. Soffar v. State, 742 S.W.2d 371 (Tex. Crim. App. 1987). 
Applicant then filed an application for a writ of habeas corpus which was denied. Ex parte
Soffar, No. WR-29,980-01 (Tex. Crim. App. April 8, 1996) (not designated for publication). 
He later filed a second application which was dismissed without prejudice while federal
habeas proceedings were pending. Ex parte Soffar, 143 S.W.3d 804, 807 (Tex. Crim. App.
2004). The United States Court of Appeals for the Fifth Circuit ordered the federal district
court to grant applicant's federal petition for a writ of habeas corpus and set aside his
conviction and sentence. Soffar v. Dretke, 368 F.3d 441, 480 (5th Cir. Tex. 2004).

 On retrial, applicant was again convicted of capital murder and sentenced to death. 
This Court affirmed the conviction and sentence on direct appeal. Soffar v. State, AP-75,363
(Tex. Crim. App. Nov. 18, 2009) (not designated for publication), cert. denied, 130 S.Ct.
3507 (June 28, 2010).

 Applicant presents eight allegations in his application in which he challenges the
validity of his conviction and sentence. The trial court did not hold an evidentiary hearing. 
The trial court adopted the State's proposed findings of fact and conclusions of law
recommending that the relief sought be denied.

 This Court has reviewed the record with respect to the allegations made by applicant. 
We agree with the trial judge's recommendation and adopt the trial judge's findings and
conclusions with the following exceptions: Conclusions paragraphs 9-10 and Findings
paragraphs 142, 181-86, 215, and 232. Based upon the trial court's findings and conclusions
and our own review, we deny relief.

 Additionally, we do not adopt the trial court's findings and conclusions that address
the merits of applicant's Supplemental Application: Findings paragraphs 271-88 and
Conclusions paragraphs 23-27. Because the Supplemental Application was filed in the trial
court after the deadline provided for the filing of an initial application for habeas corpus, we
find it to be a subsequent application. See Art. 11.071. We further find that it fails to meet
any of the exceptions provided for in Article 11.071, § 5. Therefore, we dismiss applicant's
subsequent application as an abuse of the writ without considering the merits of the claims.

 IT IS SO ORDERED THIS THE 3RD DAY OF OCTOBER, 2012.


Do Not Publish
1. Unless otherwise specified, all references to Articles refer to the Texas Code of
Criminal Procedure.