IN THE COURT OF CRIMINAL APPEALS


OF TEXAS








WR-63,590-03






EX PARTE ROBERT GENE WILL II








ON APPLICATION FOR WRIT OF HABEAS CORPUS 


CAUSE NO. 862715-C IN THE 185TH DISTRICT COURT

HARRIS COUNTY






 Per curiam. 

 

O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, Section 5.

 On January 23, 2002, Applicant was convicted of the offense of capital murder. The
jury answered the special issues submitted under Article 37.071 of the Texas Code of
Criminal Procedure, and the trial court, accordingly, set punishment at death. This Court
affirmed Applicant's conviction and sentence on direct appeal. Will v. State, No. AP-74,306
(Tex. Crim. App. Apr. 21, 2004)(not designated for publication). We denied relief on
Applicant's initial post-conviction application for writ of habeas corpus, Ex parte Will, No.
WR-63,590-01 (Tex. Crim. App. Mar. 29, 2006)(not designated for publication), and
dismissed his second such application, Ex parte Will, No. WR-63,590-02 (Tex. Crim. App.
Sept. 12, 2007)(not designated for publication). We received Applicant's instant post-conviction application for writ of habeas corpus on September 23, 2013.

 The record reflects that Applicant is currently challenging his conviction in Cause No.
H-07-CV-1000, styled Robert Gene Will II v. William Stephens, in the United States District
Court for the Southern District of Texas, Houston Division. The record also reflects that the
federal district court has entered an order staying its proceedings for Applicant to return to
state court to consider his current unexhausted claims. Therefore, this Court may consider
this subsequent state application. See Ex parte Soffar,143 S.W.3d 804 (Tex. Crim. App.
2004). 

 Applicant presents three allegations in the instant application. We have reviewed the
application and find that the first and second allegations may satisfy the requirements of
Texas Code of Criminal Procedure Article 11.071, Section 5(a). Accordingly, we remand
this cause to the trial court for consideration of Applicant's first and second allegations. 

 IT IS SO ORDERED THIS THE 5TH DAY OF FEBRUARY, 2014.

Do Not Publish