

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### WR-62,426-04

### EX PARTE JUAN CARLOS ALVAREZ

### ON APPLICATION FOR WRIT OF HABEAS CORPUS
### CAUSE NO. 787007 IN THE 338TH DISTRICT COURT
### HARRIS COUNTY

*Per curiam.* YEARY, J., filed a concurring opinion in which JOHNSON and NEWELL, JJ., joined. ALCALA, J., not participating.

## O R D E R

This is a subsequent application for writ of habeas corpus filed pursuant to the provisions of Texas Code of Criminal Procedure Article 11.071, § 5.

In September 1999, Applicant was convicted of the offense of capital murder. The jury answered the special issues submitted under Article 37.071, TEX. CODE CRIM. PROC., and the trial court, accordingly, set punishment at death. This Court affirmed Applicant's conviction and sentence on direct appeal. *Alvarez v. State,* No. AP-73,648 (Tex. Crim. App. October 30, 2002). This Court denied relief on Applicant's initial post-conviction

application for writ of habeas corpus. *Ex parte Alvarez*, No. WR-62,426-01 (Tex. Crim. App. September 24, 2008). This Court dismissed Applicant's second post-conviction application for writ of habeas corpus. *Ex parte Alvarez*, No. WR-62,426-02 (Tex. Crim. App. Sept. 15, 2010). Applicant's instant post-conviction application for writ of habeas corpus, *Ex parte Alvarez*, No. WR-62,426-04, was received in this Court on November 5, 2014.[1]

The record reflects that Applicant is currently challenging his conviction in Cause No. 4:09-cv-03040, styled *Juan Carlos Alvarez v. Rick Thaler,* in the United States District Court for the Southern District of Texas, Houston Division. The record also reflects that the federal district court has entered an order staying its proceedings for Applicant to return to state court to consider his current unexhausted claims. Therefore, this Court may consider this subsequent state application. *See Ex parte Soffar,* 143 S.W.3d 804 (Tex. Crim. App. 2004).

Applicant presents eleven allegations in the instant application. We have reviewed the application and find that Applicant has failed to satisfy the requirements of Article 11.071, § 5(a). Accordingly, we dismiss the application as an abuse of the writ without considering the merits of the claims.

IT IS SO ORDERED THIS THE 29TH DAY OF APRIL, 2015.

Do Not Publish

---

[1] *Ex parte Alvarez*, No. WR-62,426-03, was a motion for leave to file a petition for writ of mandamus. This Court denied leave to file on September 17, 2014.