

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### WR-63,590-03

### EX PARTE ROBERT GENE WILL II

### ON APPLICATION FOR WRIT OF HABEAS CORPUS
### CAUSE NO. 862715-C IN THE 185TH DISTRICT COURT
### HARRIS COUNTY

*Per curiam.*

### O R D E R

This is a subsequent application for writ of habeas corpus filed pursuant to the provisions of Texas Code of Criminal Procedure Article 11.071, Section 5.

On January 23, 2002, Applicant was convicted of the offense of capital murder. The jury answered the special issues submitted under Article 37.071 of the Texas Code of Criminal Procedure, and the trial court, accordingly, set punishment at death. This Court affirmed Applicant's conviction and sentence on direct appeal. *Will v. State*, No. AP-74,306

(Tex. Crim. App. Apr. 21, 2004) (not designated for publication). We denied relief on Applicant's initial post-conviction application for writ of habeas corpus, *Ex parte Will*, No. WR-63,590-01 (Tex. Crim. App. Mar. 29, 2006) (not designated for publication), and dismissed his second such application, *Ex parte Will*, No. WR-63,590-02 (Tex. Crim. App. Sept. 12, 2007) (not designated for publication). We received Applicant's instant post-conviction application for writ of habeas corpus on September 23, 2013.

Applicant presents three allegations in the instant application. In his first allegation, Applicant contends that he is actually innocent. In his second allegation, Applicant asserts that the State violated his due process rights under *Brady v. Maryland*[1] by withholding material exculpatory evidence. In his third allegation, Applicant argues as an alternative to his *Brady* claim that, if the State did not withhold the evidence at issue, then his trial and appellate counsel were constitutionally ineffective for failing to discover, investigate, and present the disclosed exculpatory evidence.

After determining that we might consider this subsequent state application,[2] *see Ex parte Soffar,* 143 S.W.3d 804 (Tex. Crim. App. 2004), we reviewed the application and found that Applicant's first and second allegations might satisfy the requirements of Texas Code

---

[1]     373 U.S. 83 (1963).

[2]     The record reflects that Applicant is currently challenging his conviction in Cause No. H-07-CV-1000, styled *Robert Gene Will II v. William Stephens,* in the United States District Court for the Southern District of Texas, Houston Division. The record also reflects that the federal district court has entered an order staying its proceedings for Applicant to return to state court to consider his current unexhausted claims.

of Criminal Procedure Article 11.071, Section 5(a). Accordingly, we remanded this cause to the trial court for consideration of Applicant's first and second allegations.

The trial court, without holding an evidentiary hearing, adopted the State's amended proposed findings of fact and conclusions of law recommending that relief be denied because Applicant had failed to establish his actual innocence or that the State committed a due process violation under *Brady*.

This Court has reviewed the record with respect to Applicant's allegations. We adopt the trial judge's amended findings and conclusions, with the following exceptions. We do not adopt Factual Finding Number 70, which reads, in pertinent part, that "[t]he Court finds unpersuasive trial counsel Cunningham's habeas affidavit assertion that he would have called [David] Cruz to testify in light of the applicant's inability to corroborate Cruz's assertions with documentary evidence." We also decline to adopt Factual Findings Numbers 76, 89, and 92, and Conclusions of Law Numbers 2 and 6, to the extent they state that the evidence is not favorable under *Brady*. Based upon the trial court's amended findings and conclusions and our own review, we deny relief.

IT IS SO ORDERED THIS THE 25TH DAY OF NOVEMBER, 2015.

Do Not Publish