*123
ORDER ON REHEARING

Before HIGGINBOTHAM, SMITH and CLEMENT, Circuit Judges.
EDITH BROWN CLEMENT, Circuit Judge:
The petition for panel rehearing is DENIED, and no judge in regular active service having requested that the court be polled on rehearing en banc, the petition for rehearing en banc is DENIED. The court, having considered the request for rehearing, clarifies the panel opinion as follows:
1. The panel decision is limited to a petitioner who:
(i) has already filed state and federal petitions;
(ii) presently lacks § 848(q)(4)(B) counsel;
(iii) may have a § 2244(b)(2)(A) claim based on the previously unavailable, new Supreme Court rule in Atkins; and
(iv) to whom Atkins may apply.
2. Consequently, this decision does not imply that all defendants are entitled to § 848(q)(4)(B) counsel for all successive habeas actions. McFarland v. Scott, 512 U.S. 849, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994), must be harmonized with Congress’s later determination in AEDPA that the grounds for successive habeas petitions are narrowly circumscribed. Cf. Cantu-Tzin v. Johnson, 162 F.3d 295, 296 (5th Cir.1998) (“neither McFarland nor § 848(q)(4)(B) requires appointment of counsel for the wholly futile enterprise of addressing the merits of a time-barred habeas petition”).
3. Equitable tolling applies in this case because of the combination of the problem created by the Texas two-forum rule, which Texas has overturned, and the withdrawal of petitioner’s counsel.
4. This is a fact-bound case. In the ordinary case, e.g., In re Holladay, 331 F.3d 1169 (11th Cir.2003), where the issue of mental retardation was explored at trial for Penry mitigation purposes, there will likely be a state court record from which to determine whether a prima facie case of mental retardation exists. Counsel may be appointed for a successive petition, but the appointment alone does not grant capital defendants a right to an automatic stay of execution. McFarland, 512 U.S. at 858, 114 S.Ct. 2568. Under such circumstances, the defendant will have sufficient time to file a petition conforming to the prima facie standard mandated by 28 U.S.C. 2244(b)(3)(C) prior to his scheduled execution. A federal court need not grant a stay where a dilatory capital defendant ignores this opportunity to file timely and flouts the available processes. Id.
5. As the panel opinion made clear, while Hearn made a colorable showing of entitlement to § 848(q)(4)(B) counsel for the limited purpose of investigating and preparing his successive habeas petition, we have not decided the merits of his claim of mental retardation.