United States Court of Appeals
Fifth Circuit

**F I L E D**

December 13, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41724

IN RE:  MARVIN LEE WILSON,

Petitioner.

--------------------
Motion for Authorization to File Successive
Application for Writ of Habeas Corpus
Pursuant to 28 U.S.C. § 2254
--------------------

Before DAVIS, WIENER, and GARZA, Circuit Judges.

BY THE COURT:

Texas death row inmate Marvin Lee Wilson has applied for our authorization to file a successive application for a writ of habeas corpus in the United States District Court for the Eastern District of Texas.  He seeks to challenge his death sentence pursuant to the Supreme Court's decision in Atkins v. Virginia, 536 U.S. 304 (2002), prohibiting the execution of mentally retarded criminals. This is Wilson's second motion for authorization; we dismissed without prejudice his first motion for failure to exhaust his Atkins claim in state court.  No. 03-40853 (Nov. 10, 2003). Although that defect has since been cured by a final judgment of the Texas Court of Criminal Appeals, we deny Wilson's present motion for authorization because it is time-barred and because he has not demonstrated the sort of "rare and exceptional circumstances" that would justify equitable tolling of the limitations period.

# I. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides a one-year limitations period for habeas applications. 28 U.S.C. § 2244(d)(1). In cases like Wilson's, the year commences to run from "the date on which the constitutional right asserted was ... newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2244(d)(1)(C). The Supreme Court issued Atkins on June 20, 2002; thus, the one-year limitations period for filing a habeas application based on Atkins expired on June 20, 2003. See In re Hearn, 376 F.3d 447, 456 n.11 (5th Cir. 2004).

On that date, the very last day of his AEDPA limitations period, Wilson filed successive applications for habeas corpus in both federal district court and Texas state court. We dismissed without prejudice his federal application, as noted above, while his state application went forward in the Texas courts. As the time during which a properly filed application is pending in state court is not counted toward the federal limitations period, 28 U.S.C. § 2244(d)(2), Wilson's time for filing in federal court — with one day remaining — was tolled for as long as his state application was pending in the Texas courts.

On November 10, 2004, the Texas Court of Criminal Appeals issued a final judgment denying Wilson's state application. This left Wilson with one business day to refile his application in

federal court.  As November 11 was a federal holiday, Wilson's filing deadline was November 12, 2004.

Wilson attempted to refile his successive application in the district court on November 12, but without our prior authorization as required under the AEDPA.  28 U.S.C. § 2244(b)(3)(A).  Nearly a month later, on December 10, Wilson submitted a motion to us for reinstatement of the proceedings which we had dismissed without prejudice.  He did not file a new motion for authorization at that time.  We took no action on the motion for reinstatement, and on December 15, the district court dismissed Wilson's successive application as unauthorized.

Not until December 22, 2004, a full forty days after his filing deadline, did Wilson properly file his new motion for authorization.  His application is clearly barred by AEDPA's statute of limitations and must be denied, unless he has demonstrated that he is entitled to equitable tolling of the limitations period.

## II. Equitable Tolling

The doctrine of equitable tolling is applied very restrictively and, as we have held repeatedly, is entertained only in cases presenting "rare and exceptional circumstances where it is necessary to preserve a plaintiff's claims when strict application of the statute of limitations would be inequitable."  Fierro v. Cockrell, 294 F.3d 674, 682 (5th Cir. 2002) (internal quotation and alteration omitted).  A petitioner's failure to satisfy the statute

3

of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify. See Felder v. Johnson, 204 F.3d 168, 174 (5th Cir. 2000) ("Equitable tolling is appropriate when an extraordinary factor beyond the plaintiff's control prevents his filing on time.")

A. Intentional Delay

Although the timing of Wilson's application may have been partially affected by factors beyond his control that might in some cases justify equitable tolling, we are not convinced that his case presents the sort of rare and exceptional circumstances we require before applying this "narrowest of exceptions." Fierro, 294 F.3d at 684. The actions of his counsel —— particularly in waiting until the very last day of the limitations period to file his application —— appear to us to be more indicative of brinkmanship than of careful diligence. "For equitable tolling to apply, the applicant must diligently pursue ... relief." Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999). As it appears readily to us that Wilson deliberately waited until the last possible moment to file his application, and thereby took a risk that could have been avoided, we decline to extend to him the benefit of equitable tolling.

Wilson contends, however, that he was prevented from timely filing in federal court by the Texas habeas corpus procedure that was in effect during the year immediately following Atkins. Until recently, a unique rule in the Texas courts prevented habeas

4

petitioners from maintaining both state and federal applications at the same time. Often referred to as the "two-forum rule," it forced a petitioner to "decide which forum he [would] proceed in, because [the state courts would not] consider a petitioner's application so long as the federal courts retain[ed] jurisdiction over the same matter." Ex parte Green, 548 S.W.2d 914, 916 (Tex. Crim. App. 1977) (quoted in In re Hearn, 376 F.3d 447, 456 (5th Cir. 2004)); see also Ex parte Powers, 487 S.W.2d 101 (Tex. Crim. App. 1972) (dismissing state writ when federal courts had not dismissed parallel writ). Wilson insists that this Texas rule precluded the filing of an Atkins claim during the pendency of his initial federal habeas proceedings and that it justifies equitable tolling for his successive application.

Although we have previously recognized the potential of the two-forum rule to present a rare and exceptional circumstance for a successive habeas applicant seeking to raise an Atkins challenge, In re Hearn, 376 F.3d 447, 457 (5th Cir. 2004),[1] it does not explain Wilson's waiting until the very last day of the limitations period to file his successive application in federal court. Even

---

[1] In Hearn, a panel of this court considered an untimely successive habeas application brought by a prisoner who was not represented by counsel. Although the Hearn panel did not squarely hold that the applicant was entitled to equitable tolling, it did grant his motion for appointment of counsel to investigate and prepare a tolling claim based on Texas's two-forum rule. 376 F.3d at 457. To date we have not discussed possible ramifications of the rule to prisoners like Wilson, who are represented by counsel at all relevant times.

5

if we assume arguendo that the rule did effectively force Wilson to choose between his pending federal writ petition and his successive Atkins claim, that dilemma presented itself just the same on the first day of the limitations period as it did on the last:  Wilson did not in any way limit his risk of dismissal by waiting until June 20, 2003, to file.  Prudence —— and diligence —— would seem to us to have required Wilson's counsel to leave himself at least a little room for error, rather than to delay his life-and-death filing to the very last minute.  However great an obstacle the two-forum rule may have posed, Wilson's decision to stand mute all the way up to the statutory deadline cannot be said to have resulted from rare and extraordinary circumstances.

B. Misled by Opponent

Wilson additionally argues that he is entitled to equitable tolling because the State misled him and the court about the proper procedure for preserving federal review of his Atkins claim.  We recognize that being actively misled by an opponent concerning the timing for filing may entitle a party to equitable tolling.  See Rashidi v. Am. President Lines, 96 F.3d 124, 128 (5th Cir. 1996).  Wilson has not, however, presented sufficient facts to support his allegation.

Wilson calls our attention to the State's September 16, 2003, letter urging us to deny his motion for authorization as premature.  Specifically, he points to the statement that

6

> If this Court denies Wilson's motion as premature and without prejudice, Wilson could re-file his mental retardation claim in this Court immediately after the state court renders its decision as his statute of limitations for filing in federal court is tolled while his properly filed state application for writ of habeas corpus remains pending in state court.

This is, of course, an accurate statement of the tolling rules. The only portion of the quoted text that may be even remotely misleading is the assertion that Wilson could re-file "in this Court" after the state court ruling, rather than in the district court. But surely Wilson's counsel does not require his opponent's instruction on when and where to file. Moreover, he did not even rely on this statement: When the state court's ruling came down, Wilson filed in the district court and not here. There might be a different result if, for example, the State had promised in its letter not to raise a limitations defense and then reneged on that promise; but nothing of that sort happened here. Wilson has not demonstrated that he was misled in any meaningful way by the State concerning the appropriate procedure for filing his successive habeas application such that he would be entitled to equitable tolling on that basis.

### III. Conclusion

We deny Wilson's motion for authorization to file a successive habeas application because he failed to satisfy the AEDPA statute of limitations. However harsh the result may be — particularly in a death penalty case involving a petitioner who has made a prima facie showing of mental retardation — Congress acted deliberately

7

in enacting a strict limitations period under the AEDPA, severely restricting the filing of habeas claims in furtherance of its policy to accelerate the process and curb abuse of the writ. <u>See</u> <u>Fisher v. Johnson</u>, 174 F.3d 710, 713 (5th Cir. 1999). Out of deference to Congress's carefully-crafted habeas scheme, and because Wilson has failed to demonstrate that rare and exceptional circumstances prevented his timely filing, we decline to expand the limitations period through the doctrine of equitable tolling.

For the foregoing reasons, the motion for authorization is DENIED.