IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

**United States Court of Appeals
Fifth Circuit**

**F I L E D**

**March 10, 2006**

Charles R. Fulbruge III
Clerk

_____

No. 04-41724

_____

IN RE: MARVIN LEE WILSON,

                                                    Petitioner.

_____

Motion for Authorization to File Successive

Application for Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2254

_____

Before DAVIS, WIENER, and GARZA, Circuit Judges.

BY THE COURT:

This court's order, --- F.3d ---, 2005 WL 3418652 (5th Cir. Dec. 13, 2005), is hereby withdrawn, and the following order is substituted:

Texas death row inmate Marvin Lee Wilson has applied for our authorization to file a successive application for a writ of habeas corpus in the district court. He seeks to challenge his death sentence pursuant to the Supreme Court's decision in <u>Atkins v. Virginia</u>, 536 U.S. 304 (2002), prohibiting the execution of mentally retarded criminals. This is Wilson's second motion for authorization; we dismissed without prejudice his first motion for failure to exhaust his <u>Atkins</u> claim in state court. No. 03-40853 (Nov. 10, 2003). We did, however, hold that Wilson had made the <u>prima</u> <u>facie</u> showing required for filing a successive habeas application.[1] <u>Id.</u> at 3.

Although Wilson's failure to exhaust has now been cured by a final judgment of the Texas Court of Criminal Appeals, Wilson's present motion for authorization is time-barred. However, because Wilson has demonstrated the sort of "rare and exceptional

---

[1] <u>See</u> 28 U.S.C. § 2244(b)(2), (b)(3)(C). A successive habeas application based on <u>Atkins</u> must make a <u>prima</u> <u>facie</u> showing that (1) the claim to be presented has not previously been presented in any prior application to this court; (2) the claim relies on <u>Atkins</u>; and (3) the applicant could be classified as mentally retarded within the understanding of <u>Atkins</u>. <u>See</u> <u>In re Morris</u>, 328 F.3d 739, 740-41 (5th Cir. 2003); <u>In re Johnson</u>, 334 F.3d 403, 404 (5th Cir. 2003).

circumstances" that justify equitable tolling of the limitations period, we grant his motion.

I.

Statute of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides a one-year limitations period for habeas applications. 28 U.S.C. § 2244(d)(1). In cases like Wilson's, the year commences to run from "the date on which the constitutional right asserted was ... newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2244(d)(1)(C). The Supreme Court issued Atkins on June 20, 2002; thus, the one-year limitations period for filing a habeas application based on Atkins expired on June 20, 2003. See In re Hearn, 376 F.3d 447, 456 n. 11 (5th Cir.2004).[2]

---

[2] A summary of the significant dates follows:
- June 20, 2002 - Atkins is announced, and the one year period to file habeas petitions raising claims based on Atkins begins to run.
- June 20, 2003 - Wilson files successive petition in state court--which tolls federal limitations period--and attempts to file also in federal district court.
- July 2003 - We deny Wilson's initial pre-Atkins application.
- November 2003 - We dismiss successive federal petition without prejudice to refile after state exhaustion.
- February 2004 - Soffar is announced, modifying the Texas two-forum rule.
- November 10,2004 - State court denies application, leaving Wilson one business day to file his federal petition.
- November 12, 2004 - Wilson attempts to file successive habeas petition in district

3

On June 20, 2003, the very last day of his AEDPA limitations period, and while Wilson's application for COA on his initial federal habeas claims was pending in this court, Wilson filed successive applications for habeas corpus in both federal district court and Texas state court. We dismissed without prejudice his federal application, as noted above, while his state application went forward in the Texas courts. Because the time during which a properly filed application is pending in state court is not counted toward the federal limitations period, 28 U.S.C. § 2244(d)(2), Wilson's time for filing in federal court—with one day remaining—was tolled for as long as his state application was pending in the Texas courts.

On November 10, 2004, the Texas Court of Criminal Appeals issued a final judgment denying Wilson's state application. This left Wilson with one business day to refile his application in federal court. As November 11 was a federal holiday, Wilson's filing deadline was November 12, 2004.

court without our authority, with motion to defer adjudication.

- December 10, 2004 - Wilson requests that we reopen his original request for authorization. The Court administratively rejects the motion as inconsistent with the standard operating procedure of the Clerk's Office..
- December 15, 2004 - District court denies motion for successive application as unauthorized.
- December 22, 2004 - Wilson files with this court the pending request for authorization to file successive habeas, which is the subject of this order.

4

Wilson attempted to refile his successive application in the district court on November 12, but without our prior authorization as required under the AEDPA. 28 U.S.C. § 2244(b)(3)(A). Nearly a month later, on December 10, Wilson submitted a motion to us, under the docket number of his previously filed motion, for reinstatement of these proceedings. He did not file a new motion for authorization at that time. Although apparently not contrary to any written rule, because Wilson's motion to reopen the prior docket number was inconsistent with the standard operating procedure of the Clerk's Office, the Court administratively declined to accept the motion for reinstatement. On December 15, the district court dismissed Wilson's successive application as unauthorized.[3]

Not until December 22, 2004, a full forty days after his filing deadline, did Wilson properly file his new motion for authorization. His application is clearly barred by AEDPA's statute of limitations and must be denied, unless he has demonstrated that he is entitled to equitable tolling of the limitations period.

---

[3] Had the district court transferred the application to this court, rather than dismissing it as unauthorized, the application would have been timely, as the date of filing for limitations purposes would have related back to the date of the initial filing in the district court on November 12. See 28 U.S.C. § 1631 (permitting district court to transfer unauthorized successive applications for habeas corpus to court of appeals if "in the interest of justice," and providing for relation back).

II.

Equitable Tolling

The doctrine of equitable tolling is applied restrictively and, as we have held repeatedly, is entertained only in cases presenting "rare and exceptional circumstances where it is necessary to preserve a plaintiff's claims when strict application of the statute of limitations would be inequitable." Fierro v. Cockrell, 294 F.3d 674, 682 (5th Cir.2002) (internal quotation and alteration omitted). A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify. See Felder v. Johnson, 204 F.3d 168, 174 (5th Cir.2000) ("Equitable tolling is appropriate when an extraordinary factor beyond the plaintiff's control prevents his filing on time.") In other words, If Wilson unreasonably waited until the very last day of the one-year period following the Supreme Court's ruling in Atkins to assert his claim, then despite his last-minute efforts to file on November 12, his failure to meet his one-year deadline is his own fault and he is not entitled to equitable tolling. "Equity is not intended for

6

those who sleep on their rights." Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999).

Wilson contends, however, that he was prevented from timely filing in federal court by the Texas habeas corpus procedure that was in effect during the year immediately following Atkins. Until recently, a unique rule in the Texas courts prevented habeas petitioners from maintaining both state and federal applications at the same time. Often referred to as the "two-forum rule," it forced a petitioner to "decide which forum he [would] proceed in, because [the state courts would not] consider a petitioner's application so long as the federal courts retain[ed] jurisdiction over the same matter." Ex parte Green, 548 S.W.2d 914, 916 (Tex. Crim. App. 1977), quoted in In re Hearn, 376 F.3d 447, 456 (5th Cir. 2004); see also Ex parte Powers, 487 S.W.2d 101 (Tex. Crim. App. 1972) (dismissing state writ when federal courts had not dismissed parallel writ). Wilson argues that this Texas rule precluded the filing of an Atkins claim, which was in effect throughout the pendency of his initial habeas proceedings, while the initial application was still pending, and that it justifies equitable tolling for his successive application.

We have previously considered, in a case involving similar circumstances, whether Texas's two-forum rule could present a

rare and exceptional circumstance preventing prisoners from asserting their rights.  In In re Hearn, 376 F.3d 447 (5th Cir. 2004)("Hearn I"), we determined that the "two-forum rule appears to have effectively forced Hearn to choose between federal review of his pending writ petition and his right to pursue successive habeas relief under Atkins."  Id. at 457.  Even though we did not squarely hold that Hearn was entitled to equitable tolling, we granted his motion for appointment of "counsel to investigate and prepare a tolling claim."  Id.

Upon a motion for rehearing following Hearn I, we denied rehearing and clarified our opinion.  See In re Hearn, 389 F.3d 122 (5th Cir. 2004) ("Hearn II").  Although we limited our opinion in Hearn II to cases in which petitioner lacked counsel, we found that equitable tolling did apply in that case "because of the combination of the problem created by the Texas two-forum rule, which Texas has overturned, and the withdrawal of petitioner's counsel."  Id. at 123.

The two-forum rule presented Wilson with the same dilemma that Hearn faced.  Although Texas recently abandoned the rule, see Ex parte Soffar, 143 S.W.3d 804 (Tex. Crim. App. 2004), it was still in effect for the entire year following the Supreme Court's ruling in Atkins.  As in Hearn I, Wilson had already

8

filed his initial federal habeas petition and was awaiting our ruling on his application for a certificate of appealability (COA) when the limitations period expired.[4]

Not only did the two-forum rule prevent Wilson from filing his Atkins claim in state court, it also kept him from amending his federal application to include an Atkins claim because it would have been dismissed as unexhausted. See Rose v. Lundy, 455 U.S. 509, 510 (1982) (requiring dismissal of "mixed petitions" containing both exhausted and unexhausted claims). Thus, the rule presented a dilemma for Wilson, as it did for Hearn, because bringing his Atkins claim in state court would have required him to abandon his initial federal habeas application and sacrifice permanently the claims within it.[5] This problematic situation is precisely what ultimately led the Texas Court of Criminal Appeals to abandon the rule. See Soffar, 143 S.W.3d at 806.

Wilson appears to have delayed filing his Atkins claim in the state court until the last possible moment in the hope that we would rule on his initial federal habeas application before

---

[4] Although Wilson's initial habeas application was denied by the district court only three weeks after the June 20, 2002, Atkins decision, 6:03-cv-295, we did not rule on his motion for COA until July 17, 2003, more than a year after Atkins. No. 02-41084.

[5] Dismissal of the pending initial petition, even without prejudice, would have precluded Wilson from raising those same claims in the future because they would be time-barred. The AEDPA limitations period is not tolled during the pendency of a federal——as opposed to state——habeas petition. Duncan v. Walker, 533 U.S. 167, 172 (2001).

expiration of the one-year limitations period. When June 20, 2003, arrived and we still had not issued a decision on his initial motion for COA, Wilson filed successive applications in both state and federal court raising his Atkins claim. With the Texas two-forum rule still in effect at that time, Wilson ran the risk of, and indeed, likely expected dismissal in state court; but only by filing before close of business on June 20, 2003, could he preserve his claim in federal court.

As it turned out, the Texas Court of Criminal Appeals did not enforce the two-forum rule in Wilson's case. Rather than dismissing his successive application, the court remanded it to the trial court for consideration on the merits. But Wilson could not have known in advance that the rule would not be applied to his case. Throughout the one-year limitations period, the two-forum rule quite likely influenced Wilson and his counsel to wait until the last possible moment for our decision on his application for COA, in the hope of avoiding the Texas rule.

As the State correctly points out, though, after February 2004 when the TCCA abandoned the two-forum rule in Soffar, Wilson could have filed a new conditional motion in this court for authorization without necessarily facing dismissal in state court. He then could have filed his successive application in

10

the district court immediately after the state court ruling, and it would have been authorized, assuming we had acted immediately. In this respect, the two-forum rule perhaps had less effect on Wilson's case than on Hearn's:  As Hearn did not have a properly filed application pending in state court, the federal limitations period was not tolled in his case and expired on June 20, 2003, before Soffar was decided.

Although Wilson might have filed a conditional motion for authorization pending the outcome of his successive state application,[6] we had already dismissed his first motion for authorization as premature for failure to exhaust his claim in state court.  It is hard to fault Wilson or his counsel for deciding not to file another motion in light of this ruling. More significantly, the State's argument misses the point that the two-forum rule caused Wilson not to file his Atkins claim in federal court until the very last day of the one-year limitations period.  It was only because the state court decided – unpredictably – not to enforce the rule in Wilson's case that the federal limitations period was tolled long enough to continue past February 2004, when Soffar was decided.  Thus, the effect of

---

[6]  Indeed, even with the two-forum rule in effect, we conditionally granted Soffar's motion for authorization while his state successive application was pending.  In re Soffar, No. 03-21005 at 2-3 (5th Cir. 2003) (unpublished).

11

the two-forum rule in causing Wilson to delay his federal filing was in fact the same as that in Hearn:  It prevented him from raising his Atkins claim for the entire year of the limitations period.  If it were not for the two-forum rule, Wilson presumably would not have been trapped in this procedural conundrum in the first place.

An applicant's diligence in pursuing relief is an important factor in assessing his entitlement to equitable tolling.  See Coleman, 184 F.3d at 403 ("for equitable tolling to apply, the applicant must diligently pursue ... relief.").  Although Wilson arguably might have done more to preserve the availability of federal review while his successive state application was still pending, immediately following the state court's ruling Wilson did attempt to file in federal court and timely requested a deferred adjudication so that he could seek our authorization.  As stated above, Wilson's district court filing would have been effective to toll the limitations period, if the district court had elected to transfer rather than dismiss it.

The dissent asserts that in the single day left before limitations ran, Wilson could have filed a motion for authorization to file a successive habeas petition with this court, obtained a ruling on that motion, and then filed his

12

petition in federal district court. It is possible that Wilson could have accomplished all this in one day but not likely. At least, we find it hard to fault Wilson's counsel for not undertaking that extraordinary effort.

Although one can argue that Wilson should not have held out until the very last day of the Atkins limitations period to present his motion for COA, he had good reasons for the delay. Also it is noteworthy that the applicant in Hearn made no federal filings at all during the limitations period. It seems to us that Wilson's diligence in his efforts to preserve review of his Atkins claim, in light of all the surrounding extraordinary circumstances, cuts strongly in favor of equitable tolling in his case.

The dissent asserts that Wilson's delay in filing his current motion for authorization was the result of attorney error and therefore not susceptible to equitable tolling. The dissent correctly points out that our precedent requires that a petitioner file a new motion for authorization after exhausting state remedies and before filing a successive petition, and not, as Wilson attempted, a motion to reinstate the prior authorization proceedings. The dissent argues that it was this mistake, and not Texas' two-forum rule, that caused Wilson's

13

failure to timely file his successive petition, and that our grant of equitable tolling suggests that we have not treated seriously the AEDPA requirement that Wilson move for authorization before filing his petition. We disagree.

It is our conclusion that the Texas two-forum rule forced Wilson into the untenable position of having to choose between two equally undesirable alternatives. First, Wilson could have filed his successive petition in state court while his federal petition remained pending. Under the two-forum rule, the state court petition would have been dismissed, satisfying our exhaustion requirement but sacrificing meaningful review of his Atkins claim in state court. Second, Wilson could have dismissed his pending federal petition and filed his successive petition in state court. This would have allowed Wilson to pursue relief on his Atkins claim in state court, but only by sacrificing review of the claims asserted in his pending federal petition. Wilson chose the first alternative, but only after waiting in vain for this court to rule on his motion for COA before the expiration of the limitations period. As we concluded in Hearn, this is precisely the kind of Hobson's choice that may not be imposed on a habeas petitioner.

14

We are also informed by the fact that had Wilson's motion for authorization been presented to us within the original limitations period, we surely would have granted it. In our earlier order, in which we denied his application because he had not exhausted his _Atkins_ claim, we expressly determined that Wilson had made the requisite _prima facie_ showing to qualify for authorization. This determination was not undermined by the denial of his _Atkins_ claim in the state courts. Contrary to the State's assertion, the state court findings concerning the _Atkins_ claim are wholly irrelevant to our inquiry as to whether Wilson has made a _prima facie_ showing of entitlement to _proceed_ with his federal habeas application, which is an inquiry distinct from the burden that Wilson must bear in proving his claim in the district court. _See, e.g._, _In re Briseno_, No. 04-41650 (5th Cir. Jan. 6, 2005) (granting authorization to file successive habeas application based on _Atkins_, despite state court finding that applicant was not retarded). Because Wilson's failure to exhaust was our sole reason for dismissing Wilson's first motion for authorization, no substantive issue remained to be decided after that requirement was satisfied. Thus, the presentation of another motion for authorization was a formalism.

III.

15

Conclusion

Wilson was confronted with a number of unique circumstances:

1. The Texas two-forum rule reasonably caused him to delay filing a state habeas leaving himself only one day after the state court ruling to obtain authorization and file a federal habeas petition.

2. Although this court denied Wilson's first motion to file a federal habeas petition and assert his <u>Atkins</u> claim for failure to exhaust state remedies, we determined that Wilson had made the necessary *prima facie* showing to proceed.  Thus, the presentation of another motion for authorization was a formalism.

We are satisfied that these are the sort of rare and extraordinary circumstances that justify equitably tolling the limitations period.

The motion for authority to file successive habeas is therefore GRANTED.

EMILIO M. GARZA, Circuit Judge, dissenting:

Because I do not believe that this case presents an "extraordinary circumstance" warranting equitable tolling, I respectfully dissent.

To clarify where I differ with the majority, a brief re-exposition of certain proceedings may be helpful. As the majority explains, Wilson's original habeas petition was pending in federal district court for the entire year following *Atkins*. During that period, no court would hear his *Atkins* claim: the two-forum rule mandated that the state habeas court dismiss a successive writ application while federal proceedings were pending, and the exhaustion requirement prevented him from amending his already filed federal habeas petition. On the last day of the one-year period within which he could file an *Atkins* claim, risking dismissal by the state court, Wilson filed a successive writ application in state court.[7] Contrary to its own well-established rule, the Texas court accepted Wilson's petition, thereby tolling the statute of limitations under AEDPA with one day remaining. At that moment, the two-forum rule ceased to impact Wilson: it had not barred him from having his claims heard in state court or from ultimately filing a successive writ in federal court within the limitations period.

When the Texas Court of Criminal Appeals eventually denied the successive writ application, Wilson had one day in which to file his successive federal habeas claim. He did so successfully and filed a timely successive habeas petition in the district court. However, Wilson repeated the same error he had made in his previous attempt to file a successive habeas petition

_____

[7] He simultaneously filed a successive writ petition in federal court, *without* first obtaining the statutorily required authorization from the circuit court. The district court, within its discretion, transferred this writ application to the circuit court, which then dismissed it without prejudice as unexhausted.

17

in the federal courts and failed to seek prior authorization from this court. One month later, Wilson filed a "Motion for Reinstatement" in the circuit court in an attempt to revive the prior successive habeas petition that this court had dismissed without prejudice the year before. Probably waiting for our decision, the district court had not acted on Wilson's successive writ at that time. This court dismissed this motion, as it was not the appropriate way to gain approval to file a successive habeas petition. The day after we rejected the faulty motion, however, the district court)) well within its discretion)) dismissed the unauthorized successive petition, stating that Wilson had repeated his previous error of not seeking prior authorization. Only then did Wilson file a proper motion for authorization with this court.

The statute governing the filing of habeas petitions explicitly mandates that before a successive application can be filed in the district court, "the applicant *shall* move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (emphasis added). Section 2244(b)(3)(A) "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until this court has granted the petitioner permission to file one." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

The majority elides Wilson's total failure to seek authorization the second time he filed for a successive writ; it is this lack of authorization that resulted in the forty-day delay between the lapsing of the limitations period and the current, properly-filed motion.[8] This failure is

---

[8] Wilson's choice not to seek conditional authorization after the two-forum rule was lifted by *Ex parte Soffar*, 143 S.W.3d 804 (Tex. Crim. App. 2004), also cuts strongly against the grant of equitable tolling, as we will not grant tolling if the petitioner has failed to demonstrate a diligent pursuance of his rights. *Pace v. DiGuglielmo*, ___ U.S. ___, 125 S. Ct. 1807, 1814-15 (2005); *Larry v. Dretke*, 361 F.3d 890, 897 (5th Cir. 2004). However, even if that questionable decision can be justified by this court's prior denial of the motion for authorization, it does not

particularly inexplicable given that Wilson's attorney had not sought authorization for his first successive writ application, a mistake that was remedied when the district court chose to transfer the motion to this court, rather than dismiss it as unauthorized. Wilson offers no excuse for his repeated failure to gain authorization prior to filing in district court. The majority opinion offers no explanation either, stating simply that "[b]ecause Wilson's failure to exhaust was our sole reason for dismissing Wilson's first motion for authorization, no substantive issue remained to be decided after that requirement was satisfied."

This court specifically has considered whether it is necessary to move again for authorization after a prior motion has been dismissed without prejudice. In *Graham v. Johnson*, 168 F.3d 762 (5th Cir. 1999), a prisoner argued that his fourth successive application should be treated as a "continuation" of his third, which had been dismissed without prejudice for failure to exhaust state remedies. In rejecting this argument we stated:

> A habeas petitioner could file a non-exhausted application in federal court within the limitations period and suffer a dismissal without prejudice. He could then wait decades to exhaust his state court remedies and could also wait decades after exhausting his state remedies to "continue" his federal remedy, without running afoul of the statute of limitations. Construing an application filed after a previous application is dismissed without prejudice as a continuation of the first application for all purposes would eviscerate the AEDPA limitations period and thwart one of AEDPA's principal purposes.

*Id*. at 780 (internal citations omitted). This reading of the effect of a dismissal in the AEDPA context comports with our more general understanding of the effect of a dismissal without prejudice, which is to render the case without legal effect. *See Hawkins v. McHugh*, 46 F.3d 10, 12 (5th Cir. 1995) (holding that a dismissal without prejudice "leaves the parties in the same

explain Wilson's failure to seek authorization concurrently with or soon after filing the successive writ petition in federal district court.

19

legal position as if no suit had been filed"). Thus the plain language of AEDPA and this circuit's caselaw dealing with dismissals without prejudice, both in and out of the habeas context, indicate that a second motion for authorization cannot be considered a mere "formalism." A motion for authorization is an integral and statutorily-mandated part of the habeas scheme designed by Congress and we should not willfully disregard that requirement.

This failure to seek authorization is attorney error, which this court has specifically held is insufficient to warrant equitable tolling. *Salinas v. Dretke*, 354 F.3d 425, 431-32 (5th Cir. 2004); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002)*; Cousin v. Lensing*, 310 F.3d 843, 848-49 (5th Cir. 2002). Our sister circuits similarly hold that attorney error does not trigger equitable tolling. *See, e.g.*, *United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005); *Modrowski v. Mote*, 322 F.3d 965, 966 (7th Cir. 2003); *Miranda v. Castro*, 292 F.3d 1063, 1066-67 (9th Cir. 2002); *Smaldone v. Senkowski*, 273 F.3d 133, 138 (2d Cir. 2001); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).

The delay between the end of the limitations period and the instant filing cannot be excused by an "extraordinary circumstance [that] stood in [petitioner's] way." *Pace*, 125 S. Ct. at 1814. Wilson's unexplained failure to seek authorization of any sort rendered his second successive writ petition infirm and led to the forty-day gap between the lapse of the statute of limitations and the filing of the current motion. By granting equitable tolling in this instance, we have disregarded AEDPA's statutory scheme and erroneously suggested that prior authorization is not necessary for the district court to accept a successive writ petition.