United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 20, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 07-10319

_____


In Re:  CHARLES ANTHONY NEALY,

                                                    Movant.

--------------------------------------------------------

No. 07-10320


CHARLES ANTHONY NEALY

                                    Petitioner - Appellant,


     v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

                                    Respondent - Appellee.

_____

Transfer Order from the United States District Court
for the Northern District of Texas
and
Appeal from the United States District Court
for the Northern District of Texas

_____

Before JOLLY, HIGGINBOTHAM, and WIENER, Circuit Judges.

PER CURIAM:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Charles Anthony Nealy was convicted of capital murder and sentenced to death in Texas for the 1997 murder of a convenience store owner during the course of an armed robbery. His execution is scheduled for today, March 20, 2007. The facts and procedural history are detailed in the opinion we filed earlier today, in which we denied Nealy's motion for authorization to file a successive federal habeas application in which he sought to raise claims that (1) his due process rights were violated because the State suppressed exculpatory evidence and knowingly relied on perjured evidence to convict him, and (2) that his conviction is unreliable under the Eighth Amendment. In re Nealy, No. 07-10311 (5th Cir. March 20, 2007) (unpublished).

On March 19, 2007, Nealy filed a Motion for Appointment of Counsel and Stay of Execution in the United States District Court for the Northern District of Texas. He asked the district court to appoint counsel and stay his execution so that counsel can investigate evidence of possible mental retardation and prepare and file a motion in this court for authorization to file a successive habeas application asserting a claim under Atkins v. Virginia, 536 U.S. 304 (2002), in which the Supreme Court held that mentally retarded persons cannot be executed. Today, the district court, sua sponte, transferred Nealy's motion for stay and appointment of counsel to this court in the interest of justice, because of the short time before Nealy's scheduled execution. Nealy has filed a

2

notice of appeal of the district court's transfer order. That appeal is consolidated with the transferred motions.

This court has held that where an unrepresented petitioner can make a "colorable showing" of mental retardation, the petitioner is entitled to a stay of execution and appointment of counsel. In re Hearn (Hearn I), 376 F.3d 447, 455 (5th Cir. 2004). The court subsequently clarified that such relief is available only to a petitioner who has already completed the state and federal habeas process and who may have a claim based on the previously unavailable, new rule of Atkins, that is not time-barred. In re Hearn (Hearn II), 389 F.3d 122, 123 (5th Cir. 2004).

Hearn does not apply to Nealy's situation. The United States District Court for the Northern District of Texas appointed attorney John Nation to represent Nealy on February 25, 2002. Nation continued to represent Nealy in June 2002, when Atkins was decided by the Supreme Court. Nation filed Nealy's first federal habeas petition in October 2002. While Nealy's federal habeas petition was pending, the Texas Court of Criminal Appeals issued its opinion in Ex parte Soffar, 143 S.W.3d 804 (Tex. Crim. App. 2004) (modifying the Texas "two-forum" abstention rule to allow consideration of a successive application for state habeas relief if the federal court with jurisdiction over a parallel federal habeas petition entered an order staying its proceedings to allow the federal petitioner to pursue unexhausted claims in state court). After Soffar, Nealy could have sought a stay of his

3

federal habeas proceedings and raised an <u>Atkins</u> claim in state court (unlike Hearn, whose federal proceedings and federal counsel's appointment ended before <u>Soffar</u> was decided). Nation continued to represent Nealy following the district court's denial of his federal habeas petition on May 18, 2005, up until January 2007, when the Texas Defender Service was substituted as counsel for Nealy. Therefore, Nealy was not "unrepresented" and an <u>Atkins</u> claim was not "unavailable" to him, within the meaning of <u>Hearn</u>.

Nealy argues that his <u>Atkins</u> claim should nevertheless be considered as previously "unavailable", because his federal habeas counsel at that time did not believe he could investigate or raise new claims that had not been raised previously in state court. This contention is without merit. As the State pointed out in its response in opposition to Nealy's pending motions, it submitted Nation's affidavit along with its response to Nealy's fourth state habeas application (filed on March 14, 2007, asserting an <u>Atkins</u> claim for the first time in state court). In that affidavit, Nation stated that he had represented Nealy continuously from 2002 until January 9, 2007, when Nealy's present counsel was substituted. He stated that he understands the law of <u>Atkins</u>, knows how to raise an <u>Atkins</u> claim when he has evidence suggesting that a defendant may be mentally retarded, and that he has never considered filing an <u>Atkins</u> claim for Nealy "for the simple reason that I have no evidence or indication, through personal observation or otherwise, that Charles Nealy might be mentally retarded." The

4

Texas Court of Criminal Appeals dismissed Nealy's <u>Atkins</u> claim as an abuse of the writ. <u>Ex parte Nealy</u>, No. WR-50,361-04 (Tex. Crim. App. March 15, 2007) (unpublished).

Finally, <u>Hearn</u> does not apply because any potential <u>Atkins</u> claim by Nealy would be time-barred under 28 U.S.C. § 2244(d)(1)(C) (petitioner has one year to file federal habeas application following date on which constitutional right asserted was initially recognized by Supreme Court and made retroactively applicable to cases on collateral review). <u>Atkins</u> was decided on June 20, 2002. Thus, Nealy had until June 20, 2003 to assert a claim under <u>Atkins</u>. Furthermore, he would have been entitled to claim equitable tolling from June 20, 2003 until February 11, 2004, when <u>Soffar</u> modified the Texas "two forum" rule to allow consideration of the merits of a subsequent state habeas application if the federal court stayed a pending federal habeas application in order to allow the petitioner to exhaust state court remedies.

For the foregoing reasons, Nealy's Motion for Appointment of Counsel and Stay of Execution is DENIED, and the appeal is DISMISSED.