United States Court of Appeals
Fifth Circuit

**F I L E D**

April 13, 2007

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 06-41715

In Re: DAVID LEE LEWIS

Movant

On Motion for Authorization to File Successive Petition for Writ
of Habeas Corpus in the United States District Court Before the
Eastern District of Texas, Tyler

Before JONES, Chief Judge, and DAVIS and DEMOSS, Circuit Judges.

PER CURIAM:

Texas death row inmate David Lee Lewis ("Lewis") has applied
for our authorization to file a successive application for a writ
of habeas corpus in the district court. He seeks to challenge his
death sentence pursuant to the Supreme Court's decision in <u>Atkins
v. Virginia</u>,[1] which prohibits execution of mentally retarded
criminals. We deny Lewis's motion for authorization because it is
time-barred and because he has not demonstrated the sort of "rare
and exceptional circumstances" that would justify equitable tolling
of the limitations period.

The following is a summary of the significant dates:

In 1997, Lewis filed an application for state habeas relief,

---

[1]536 U.S. 304 (2002).

which the Texas Court of Criminal Appeals denied in 1999. He then filed a second state habeas application in 1999, which the court dismissed as an abuse of the writ.

In March 2000, Lewis filed a petition for federal habeas relief. The district court granted the State's motion for summary judgment and dismissed his petition. Lewis then sought a Certificate of Appealability ("COA") on four issues, and COA was granted on two issues.

On June 20, 2002, while Lewis's appeal to this court was pending, the Supreme Court decided Atkins.

On July 16, 2002, this court affirmed the district court's denial of habeas relief. Lewis then filed a petition for a writ of certiorari, which the Supreme Court denied on March 3, 2003.

On March 10, 2003, Lewis was notified that his attorney appointed to represent him in his initial federal habeas proceedings intended to do no further work on his case.

On June 20, 2003,[2] Lewis filed a successive state habeas application, raising his claim under Atkins.

On December 6, 2006, the Texas Court of Criminal Appeals denied relief.

On December 7, 2006, Lewis mailed his motion for authorization

---

[2]The State maintains that Lewis filed his successive state habeas application on June 26, 2003.  Lewis admits that his counsel wrote in his motion to this court that his application was filed on June 26, 2003. However, in his reply brief, Lewis states that the application was actually filed on June 20, 2003, and that it was a corrected application that was filed on June 26, 2003.  Lewis attaches the first page of his successive state habeas petition, which is stamped as filed on June 20, 2003, to his reply.

to file a successive federal habeas petition.

On December 8, 2006, Lewis's motion was filed with this court.

## I. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act (the "AEDPA") provides a one-year limitations period for habeas applications.[3] In cases like Lewis's, the year commences to run from "the date on which the constitutional right asserted was . . . newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."[4] The Supreme Court issued <u>Atkins</u> on June 20, 2002; thus, the one-year limitations period for filing a habeas application based on <u>Atkins</u> expired on June 20, 2003.[5]

On that date, the very last day of his AEDPA limitations period, Lewis filed his successive application for habeas corpus in Texas state court. Because the time during which a properly filed application is pending in state court is not counted toward the federal limitations period,[6] Lewis's time for filing in federal court - with one day remaining - was tolled for as long as his

---

[3] 28 U.S.C. § 2244(d)(1). We have previously rejected Lewis's contention that we do not have the statutory authority to determine whether the limitations period bars consideration of his successive habeas petition. <u>See</u> <u>In re Elizalde</u>, No. 06-20072 (5th Cir. Jan. 31, 2006); <u>In re Wilson</u>, 442 F.3d 872 (5th Cir. 2006); <u>see also</u>, <u>In re Hill</u>, 437 F.3d 1080 (11th Cir. 2006) (denying application for authorization to file a successive federal habeas petition raising an <u>Atkins</u> claim because such application was untimely).

[4] 28 U.S.C. § 2244(d)(1)(C).

[5] <u>See</u> <u>In re Hearn</u>, 376 F.3d 447, 456 n.11 (5th Cir. 2004) ("<u>Hearn I</u>").

[6] 28 U.S.C. § 2244(d)(2).

state application was pending in the Texas courts.

On December 6, 2006, the Texas Court of Criminal Appeals issued a final judgment denying Lewis's state application. This left Lewis with one business day to file his application in federal court. Thus, Lewis's filing deadline was December 7, 2006.

Although Lewis mailed his motion for authorization to file a successive federal habeas petition on December 7, 2006, generally mailing is not the equivalent of filing, and an application is not considered filed until it is placed in the possession of the clerk of court.[7] Thus, Lewis's application was not filed until December 8, 2006. As a result, Lewis's application is barred by AEDPA's statute of limitations and must be denied, unless he has demonstrated that he is entitled to equitable tolling of the limitations period.[8]

## II. Equitable Tolling

The doctrine of equitable tolling is applied very restrictively, and is entertained only in cases presenting "rare and exceptional circumstances where it is necessary to preserve a

---

[7]See Fed. R. Civ. P. 5(e) ("[t]he filing of papers with the court as required by these rules shall be made by filing them with the clerk of court"); McClellon v. Lone Star Gas Co., 66 F.3d 98, 101 (5th Cir. 1995) ("a pleading is considered filed when placed in the possession of the clerk of the court").

[8]We disagree with Lewis's assertion that the issue of equitable tolling must be resolved in the first instance by the district court. Although, "under the circumstances" of In re Henderson, 462 F.3d 413, 416 (5th Cir. 2006), we left the equitable tolling issue to the district court, in other cases we addressed the issue and find no reason not to do so here. See In re Elizalde, No. 06-20072 (5th Cir. Jan. 31, 2006); In re Wilson, 442 F.3d 872.

4

plaintiff's claims when strict application of the statute of limitations would be inequitable."[9]  "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify."[10]

Lewis argues that equitable tolling applies because (1) his court-appointed federal habeas counsel withdrew on the very day he became eligible to raise his Atkins claim; (2) his subsequent pro bono counsel had minimal time and resources to prepare his claim; and (3) the Texas "two-forum rule" prevented him from timely filing in federal court.  We disagree.

"[F]or equitable tolling to apply, the applicant must diligently pursue . . . relief."[11]  Lewis obtained his pro bono counsel on or soon after the day he received notice of his previous counsel's withdrawal, which was March 10, 2003, leaving Lewis with over three months to file his state application.  Under the circumstances of this case, three months was adequate time for Lewis to file his application.  Although the question of Lewis's mental retardation was not directly litigated at trial, Lewis's mental capacity has been at issue since his first trial in 1987.  As a result, evidence related to Lewis's Atkins claim was in the

---

[9] In re Wilson, 442 F.3d at 875.

[10] Id. (citation omitted).

[11] Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999).

5

trial record itself and readily available to his pro bono counsel.[12] As we have previously stated, "mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified."[13]

Lewis also contends that he was prevented from timely filing in federal court by the Texas habeas corpus procedure that was in effect during the year immediately following Atkins. Until 2004, a Texas rule prevented habeas petitioners from maintaining both state and federal applications at the same time.[14] Often referred to as the "two-forum rule," it forced a petitioner to "decide which forum he [would] proceed in, because [the state court would not] consider a petitioner's application so long as the federal courts retain[ed] jurisdiction over the same matter."[15] Lewis argues that this Texas rule precluded the filing of an Atkins claim during the pendency of his initial federal habeas proceedings and that it justifies equitable tolling for his successive application.

Although we have previously recognized the potential of the two-forum rule to present a rare and exceptional circumstance for a successive habeas application seeking to raise an Atkins

---

[12]For example, there was psychological expert testimony regarding Lewis's low I.Q., and testimony from family members about his attendance in special education.

[13]United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002) (citation and quotations omitted).

[14]In re Wilson, 442 F.3d at 874.

[15]Id. (citing Ex parte Green, 548 S.W.2d 914, 916 (Tex. Crim. App. 1977) (quoted in Hearn I, 376 F.3d at 456)).

6

challenge,[16] it does not explain Lewis's waiting until the very last day of the limitations period to file his successive application in federal court. Contrary to Lewis's contention, the instant case is materially distinguishable from In re Hearn ("Hearn I")[17] and In re Wilson[18] in which we acknowledged that the Texas two-forum rule may justify equitable tolling. In both Hearn I and In re Wilson, when the one-year limitations period expired, the petitioners' initial federal habeas proceeding was still pending in this court, which prevented the petitioners from timely filing their subsequent state habeas petition to exhaust their Atkins claim.[19] However, we resolved Lewis's initial federal habeas petition on July 16, 2002 and the Supreme Court denied certiorari on March 3, 2003, over

---

[16]Hearn I, 376 F.3d at 457; In re Wilson, 442 F.3d at 878.

[17]In Hearn I, a panel of this court considered an untimely successive habeas application brought by a prisoner who was not represented by counsel. Although the Hearn I panel did not squarely hold that the applicant was entitled to equitable tolling, it did grant his motion for appointment of counsel to investigate and prepare a tolling claim based on Texas's two-forum rule. Hearn I, 376 F.3d at 457. Upon a motion for rehearing following Hearn I, we denied rehearing and clarified our opinion. See In re Hearn, 389 F.3d 122 (5th Cir. 2004) ("Hearn II"). Although we limited our opinion in Hearn II to cases in which petitioner lacked counsel, we found that equitable tolling did apply in that case "because of the combination of the problem created by the Texas two-forum rule . . . and the withdrawal of petitioner's counsel." Id. at 123.

[18]In In re Wilson, we considered an untimely successive habeas application and concluded that "[t]he Texas two-forum rule reasonably caused [Wilson] to delay filing a state habeas [petition] leaving himself only one day after the state court ruling to obtain authorization and file a federal habeas petition." In re Wilson, 442 F.3d at 878. We found that Wilson demonstrated the sort of "rare and exceptional circumstances" that would justify equitable tolling of the limitations period. Id. at 873.

[19]Hearn I, 376 F.3d at 450 (we denied relief on June 23, 2003, the Supreme Court denied certiorari on November 17, 2003); In re Wilson, 442 F.3d at 876 n.4 (we denied relief on July 17, 2003).

7

three months before the one-year period expired.  As a result, Lewis did not face the same dilemma as did Wilson and Hearn because the Texas rule did not prevent him from filing his <u>Atkins</u> claim in state court within the one-year period.  Although the Texas two-forum rule temporarily postponed Lewis's ability to file his <u>Atkins</u> claim in state court, Lewis's decision to delay his filing to the very last minute cannot be said to have resulted from rare and extraordinary circumstances.  Accordingly, we find that Lewis has not shown a sufficient basis for tolling the statute of limitations.[20]

For the reasons stated, Lewis's motion for authorization to file a successive habeas corpus petition is DENIED because the motion is time-barred.  This resolution of the motion makes it unnecessary for us to consider other issues raised by the motion. DENIED.

---

[20]We reject Lewis's contention that, even if we find that the circumstances of his case do not warrant equitable tolling, the limitations period should not apply to the claim that a person is mentally retarded.  We have previously applied the limitations period to <u>Atkins</u> claims, including a claim in which the petitioner had made a prima facie showing of mental retardation.  <u>See</u> <u>In re Wilson</u>, 442 F.3d 872.