# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 28, 2009

Charles R. Fulbruge III
Clerk

———

No. 09-70004

———

VIRGIL EURISTI MARTINEZ

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, Director, Texas Department of Criminal
Justice, Correctional Institutions Division

Respondent-Appellee

———

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:02-cv-718

———

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Petitioner Virgil Euristi Martinez ("Petitioner") appeals the district court's denial of his Motion to Stay Execution.  He seeks a stay of his execution so that he can develop the basis of a claim that he is incompetent to be executed. Petitioner candidly admits that he is currently unable to make "a substantial threshold showing of insanity" that would entitle him to the due process protections of Panetti v. Quarterman, ___ U.S. ____, 127 S. Ct. 2842 (2007), and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ford v. Wainwright, 477 U.S. 399 (1986). He asserts instead that he has made a "colorable showing" of incompetency to be executed and that due process thus requires this court to stay his execution and appoint counsel to assist in developing a habeas petition to bring a Panetti/Ford claim. Cf. In re Hearn, 376 F.3d 447 (5th Cir.), clarified by 389 F.3d 122 (5th Cir. 2004); Wood v. Quarterman, 572 F. Supp. 2d 814 (W.D. Tex. 2008). Assuming that Ford and Panetti apply to the present situation—and that there is a presumably-lower threshold showing required to garner such "pre-Panetti" relief—the district court correctly concluded that Petitioner's evidence of incompetency was insufficient. Volunteer counsel, in a brief span of time, was able to develop an extensive history of mental health that still falls short of any threshold showing of incompetency to be executed. We therefore AFFIRM the judgment of the district court.

     AFFIRMED.