# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 30, 2009

Charles R. Fulbruge III
Clerk

No. 09-10423

In Re: DERRICK LAMONE JOHNSON

Movant.

On Motion for Order Authorizing Filing
and Consideration of Second Petition for
Writ of Habeas Corpus under 28 U.S.C. § 2254
and for Stay of Execution

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Derrick Lamone Johnson filed this last-minute motion for authorization to file a successive habeas petition and for a stay of execution based on a claim that he is mentally retarded and thus ineligible for the death penalty under Atkins v. Virginia, 536 U.S. 304 (2002).

We are satisfied that this new claim is time-barred, so we deny petitioner's motion for a stay of execution and deny authorization to file a successive habeas petition.

## I.

Johnson was convicted and sentenced to death for murdering LaTausha Curry. The Texas Court of Criminal Appeals affirmed Johnson's conviction and

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence on January 30, 2002. Johnson v. State, 68 S.W.3d 644 (Tex. Crim. App. 2002). Johnson did not petition the Supreme Court for a writ of certiorari. Concurrent with his direct appeal, Johnson filed an application for habeas relief in the trial court on October 22, 2001. On August 14, 2003, the trial court entered an order adopting the State's proposed findings recommending that relief on Johnson's application be denied. The Court of Criminal Appeals then adopted the trial judge's recommendation, and denied habeas relief on October 8, 2003.

Next, Johnson filed his habeas petition in federal district court. The lower court denied habeas relief and dismissed his petition with prejudice. Johnson timely appealed and the lower court denied his request for a COA. Johnson petitioned the United States Supreme Court for certiorari review on December 20, 2008. The court denied certiorari on March 9, 2009. Johnson v. Quarterman, — S. Ct. —, 2009 WL 578752 (March 9, 2009).

On April 28, 2009, Johnson filed a subsequent state habeas application with the Texas Court of Criminal Appeals raising, for the first time, an assertion that his execution would violate the prohibition against the execution of the mentally retarded as set forth in Atkins, supra. However, the Court of Criminal Appeals found that Johnson failed to make a prima facie case of mental retardation and otherwise failing to meet the requirements of Article 11.071 Sec. 5. Ex parte Johnson, 56,947-02 (Tex. Crim. App. April 29, 2009) (unpublished order). The instant motion for authorization to file a successive federal habeas petition followed on April 29, 2009. Petitioner is scheduled to be executed today, April 30, 2009.

The facts of the petitioner's brutal sexual assault and murder of 25-year-old LaTausha Curry on January 21, 1999 have been set forth in detail in our earlier opinion and the opinion of the Texas Court of Criminal Appeals. We will not repeat them here.

2

Some of the relevant dates have been set forth above. We repeat these dates and others in the timeline set forth below:

**November 19, 1999:** Johnson sentenced to death.

**October 22, 2001:** Johnson files state petition for writ of habeas.

**January 30, 2002:** Tex. Court of Criminal Appeals ("TCCA") affirms Johnson's conviction on direct appeal.

**June 20, 2002:** U.S. Supreme Court issues *Atkins*.

**October 8, 2003:** TCCA denies habeas relief.

**February 11, 2004:** TCCA modifies the "two-forum rule," which required dismissal of a state writ or successive writ if a federal proceeding was pending, even if that proceeding was stayed. *Ex parte Soffar*, 143 S.W.3d 804, 804 (Tex. Crim. App. 2004).

**May 17, 2004:** Johnson files first federal writ.

**September 18, 2007:** Federal writ denied by district court.

**December 2, 2007:** District court denies motion for new trial.

**April 7, 2008:** Johnson seeks COA from Fifth Circuit.

**October 2, 2008:** Fifth Circuit denies COA.

**January 16, 2009:** Execution date set for April 30, 2009.

**March 9, 2009:** U.S. Supreme Court denies cert to Johnson's challenging the Fifth Circuit's denying his COA.

**April 28, 2009:** Johnson attempts to file successive writ with TCCA based on *Atkins* claims.

**April 29, 2009:** TCCA denies subsequent writ because Johnson failed to make a prima facie case of mental retardation. Johnson files the current motion.

II.

Based on the above timeline, it is clear that petitioner's motion is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In this case, the one-year limitation period began to run under § 2244(d)(1)(C) on June 20, 2002, the date of the Supreme Court's decision in Atkins, and expired on June 20, 2003, the one-year anniversary of that decision.

In re Hearn, 376 F.3d 447, 456 n.11 (5th Cir. 2004). However, on June 20, 2002, when Atkins was decided, petitioner's state habeas application was pending and was not decided until October 8, 2003. This is relevant because the time is not counted toward the limitation period while a properly filed application for state post-conviction relief on the pertinent claim is pending. Johnson's limitation period therefore expired on October 8, 2004, one year after his state habeas application was denied by the state court. 28 U.S.C. § 2244(d)(2). Johnson's federal habeas petition does not toll the statute of limitations. Duncan v. Walker, 533 U.S. 167, 181–82 (2001). Consequently, any petition Johnson now files concerning Atkins would be more than four years past the October 8, 2004 expiration of his limitations period.

Moreover, this Court has never held that Atkins claims are somehow exempt from the limitations period. To the contrary, this Court has held that a successive federal petition based on mental retardation claims is subject to § 2244(d)'s one-year statute of limitations, and equitable tolling is available only in "rare and extraordinary circumstances." In re Wilson, 442 F.3d 872, 877–78 (5th Cir. 2006); In re Lewis, 484 F.3d 793, 796 (5th Cir. 2007). Although we noted that this Court recognized a limited exception to petitioners who were unrepresented by counsel and constrained by the Texas two-forum rule, In re Wilson, 442 F.3d at 875–76 (citing In re Hearn, 389 F.3d 122 (5th Cir. 2004)), neither of these conditions apply to Johnson. First, Johnson has been represented by federal habeas counsel at every stage of his post-conviction proceedings and has had the same counsel since before his first federal writ was denied. Furthermore, the Texas two-forum rule was renounced by the Texas Court of Criminal Appeals on February 11, 2004, months before Johnson filed his federal habeas petition. See Ex parte Soffar, 143 S.W.3d 804, 804 (Tex. Crim. App. 2004) (modifying the two-forum rule to "permit consideration of a subsequent state writ . . . if the federal court with jurisdiction over a parallel

writ enters an order staying its proceedings to allow the habeas applicant to pursue his unexhausted claims in Texas state court"). Thereafter, a petitioner was not required to abandon his original federal habeas claims to pursue an Atkins claim in state court. Even if we were to give Johnson one year from the date Ex parte Soffar was decided, or until February 11, 2005, his successive petition would still be untimely. Accordingly, Johnson failed to meet his statutory deadline, and his Atkins claim is time-barred.

Johnson is not entitled to equitable tolling. "The doctrine of equitable tolling is applied restrictively and, as we have held repeatedly, is entertained only in cases presenting 'rare and exceptional circumstances where it is necessary to preserve a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" In re Wilson, 442 F.3d at 875 (quoting Fierro v. Cockrell, 294 F.3d 674, 682 (5th Cir. 2002)). Here, Johnson has provided no reason for missing the deadline by years, much less a rare and exceptional one. As this Court has long stated, "'[e]quity is not intended for those who sleep on their rights.'" Id. (quoting Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999)).

For the above reasons we deny Johnson's Motion for Order Authorizing Filing and Consideration of Second Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. We also deny a stay of execution.

DENIED.