# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 5, 2024

Lyle W. Cayce
Clerk

No. 24-20340

_____

In re Arthur Lee Burton,

*Movant.*

_____

Motion for an Order Authorizing
the United States District Court for the Southern District of Texas
to Consider a Successive 28 U.S.C. § 2254 Application
and Motion to Stay Execution

_____

Before Elrod, Southwick, and Willett, *Circuit Judges.*

Per Curiam:

Seven days before his scheduled execution on August 7, 2024, Arthur Lee Burton moved this court to authorize his filing of a successive federal habeas petition under 28 U.S.C. § 2244(b).[1] He concurrently moved to stay his execution. We DENY both motions.

Burton was convicted of capital murder and sentenced to death in June 1998. His conviction followed gruesome findings (which we will not recount in detail here) that he kidnapped, sexually assaulted, and strangled a woman who was jogging along a bayou in Houston, Texas. *See generally Burton v. State*, 2004 WL 3093226, at \*1 (Tex. Crim. App. May 19, 2004).

_____

[1] This court's Local Rule 8.10 requires inmates challenging their death sentences or execution procedures to make such challenges at least seven days before the scheduled execution.

No. 24-20340

Burton appealed his conviction and sentence. The Texas Court of Criminal Appeals affirmed his conviction but vacated his sentence and remanded for a new trial on punishment. *Burton v. State*, No. AP-73,204 (Tex. Crim. App. Mar 7, 2001) (not designated for publication). On retrial, he was sentenced to death again, which the Texas Court of Criminal Appeals later affirmed. *Burton v. State*, No. AP-73,204 (Tex. Crim. App. May 19, 2004) (not designated for publication). Burton then pursued both state and federal habeas relief, asserting various violations of his constitutional rights. He was denied relief across the board.[2]

Burton has since been incarcerated on death row for decades. Most recently, he brought three separate challenges to his scheduled execution in Texas state court. Burton filed two motions to withdraw his execution order and death warrant, along with another habeas petition alleging that his scheduled execution violated his constitutional rights. All three attempts ultimately failed when, late last week, the Texas Court of Criminal Appeals rejected his challenges. *See In re Texas ex rel. Ogg*, 2024 WL 3588029, ___ S.W.3d ___ (Tex. Crim. App. July 30, 2024); *Ex parte Burton*, No. WR-64,360-03 (Tex. Crim. App. Aug. 2, 2024) (not designated for publication).

Burton has now turned to us for relief and seeks authorization to file a successive federal habeas petition under 28 U.S.C. § 2244(b). We will grant authorization only if Burton can make a *prima facie* showing that either (1) his claim "relies on a new rule of constitutional law" that was "made retroactive to cases on collateral review by the Supreme Court" and was "previously unavailable"; or (2) "the factual predicate for the claim could not have been

---

[2] *See Ex parte Burton*, 2007 WL 3289679 (Tex. Crim. App. Nov. 7, 2007); *Ex parte Burton*, 2009 WL 874202 (Tex. Crim. App. April 1, 2009); *Burton v. Thaler*, 863 F. Supp. 2d 639 (S.D. Tex. 2012); *Burton v. Stephens*, 543 Fed. App'x 451 (5th Cir. 2013); *Burton v. Stephens*, 573 U.S. 909 (2014).

discovered previously" with due diligence, and these facts, if proven, "would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." *Id.* §§ 2244(b)(2)(A), (b)(2)(B).

In his motion, Burton invokes the first category. He specifically alleges, for the first time, that he has a "mild" intellectual disability and thus cannot be lawfully executed under the Eighth and Fourteenth Amendments to the U.S. Constitution, as interpreted by the Supreme Court in *Atkins v. Virginia*, 536 U.S. 304 (2002), and *Moore v. Texas*, 581 U.S. 1 (2017). Both decisions, Burton contends, announced new rules of constitutional law, were made retroactive to cases on collateral review, and were previously unavailable to him when he initially filed for federal habeas relief back in 2012.

Even assuming Burton can establish a *prima facie* showing under § 2244(b)(2)(A),[3] his petition falls well outside the one-year limitation period prescribed by § 2244(d). Applicants are required to bring a habeas petition based on a new rule of constitutional law within one year of "the date on which the constitutional right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2244(d)(1)(C). Both *Atkins* and *Moore*, the only cases on which Burton relies, were decided long before he filed this motion five days ago. So "even if we count *Moore* as the starting date for [Burton's] realization that the former Texas guidelines for intellectual disability would not stymie his *Atkins* claim, . . . [his] delay in filing this application [over seven] years after *Moore* is untimely." *In re Sparks*, 939 F.3d

---

[3] And there is doubt as to whether he can. *See In re Sparks*, 939 F.3d 630, 632 (5th Cir. 2019) (citing *Shoop v. Hill*, 586 U.S. 45, 49–52 (2019)); *In re Milam*, 838 F. App'x 796, 798 (5th Cir. 2020) (unpublished) ("We have not definitively rejected or supported the contention that *Moore* is a new retroactive rule of constitutional law in the context of successive habeas petitions sought under 28 U.S.C. § 2244.").

630, 632 (5th Cir. 2019). "And even if we were to consider the Supreme Court's second decision in *Moore* in 2019 as the starting date, [Burton's 2024] petition is still time-barred." *In re Jones*, 998 F.3d 187, 190 (5th Cir. 2021).

Apparently recognizing the late hour of his petition, Burton preemptively argues that § 2244(b) does not permit us to consider the timeliness of the successive petition underlying his motion for authorization. He specifically contends that we cannot (or at least should not) consider the State's affirmative statute-of-limitations defense. At the same time, however, he acknowledges that his argument is foreclosed by circuit precedent. *See, e.g.*, *In re Wilson*, 442 F.3d 872, 874–75 (5th Cir. 2006); *In re Campbell*, 750 F.3d 523, 532–33 (5th Cir. 2014); *Jones*, 998 F.3d at 189. He offers no compelling or legitimate reason for us to depart from that well-established precedent. We also see none ourselves.

Burton alternatively argues that, if we consider the limitations period, he can nevertheless make a *prima facie* showing of timeliness. He first relies on *McQuiggin v. Perkins*, 569 U.S. 383 (2013), and contends that, because he is intellectually disabled, he is "actually innocent" of the death penalty and, therefore, we may disregard the limitations period to avoid a miscarriage of justice. But if *McQuiggin* does not excuse his untimeliness, Burton adds, he is entitled to equitable tolling for various reasons, all of which are fact-intensive and are best left to the district court to evaluate in the first instance.

We find neither argument persuasive. "[E]ven if 'actual innocence of the death penalty' suffices under *McQuiggin*," as Burton contends, "a petitioner is still responsible for pursuing his claim within the AEDPA limitations period." *Sparks*, 939 F.3d at 633. We have also previously considered—and rejected—invocations of equitable tolling in motions for authorization. *E.g.*, *In re Lewis*, 484 F.3d 793, 796–97 (5th Cir. 2007). We can,

No. 24-20340

and will, do the same here. Burton offers nothing but vague and cursory references to the absence of counsel and his mental deficiencies to argue that the limitations period should be tolled. These allegations are insufficient to show that "extraordinary circumstances" prevented his timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). But even if they were sufficient, Burton has not shown that he has pursued his rights diligently. In fact, quite the opposite. Burton's intellectual disability claim—which comes to us seven days before his execution—postdates *Atkins* by more than two decades, the DSM–5 by more than a decade, and *Moore* by seven years. Equity does not reward such dilatory tactics. *See Bucklew v. Precythe*, 587 U.S. 119, 149–51 (2019); *Rhines v. Weber*, 544 U.S. 269, 277–78 (2005).

\* \* \*

In sum, Burton's habeas petition well exceeds the one-year statute of limitations period, and there are no grounds for us to excuse his untimeliness. Burton has therefore failed to meet the requirements of § 2244. And because he has failed to meet the grounds to file a successive habeas petition, "we have no authority to grant a stay of execution." *Sparks*, 939 F.3d at 633.[4]

We accordingly DENY Burton's motion to file a successive habeas petition under § 2244 and his concomitant motion to stay his execution.

---

[4] We consider the following factors when presented with a request for stay of execution: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of a stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). Burton has not made the requisite showing here. *See Renteria v. Lumpkin*, No. 23-70007, 2023 WL 7649071, at *5 (5th Cir. Nov. 14, 2023) (unpublished).